HENRY E. BOTHFELD & another, trustees, *vs.* ALBERT L. GORDON.

Suffolk.　November 17, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Guaranty.　Landlord and Tenant.*

A guarantor of the performance of the covenants of a lease is not discharged from liability by an agreement between the lessor and the lessee, made without his consent, by which it is agreed that in a pending action for rent due under the lease, defended by the lessee, judgment shall be entered for the plaintiff for the amount claimed and that execution shall not issue until a day named which is earlier than the time when execution would issue in the ordinary course of judicial procedure.

It is no defence to an action on a guaranty of the performance of the covenants of a lease to recover rent due under the lease and unpaid by the lessee that, when the rent sought to be recovered was due and unpaid and an action against the lessee was pending for its collection, the lessee agreed to surrender possession of the leased property without forcing the lessor to enter and take possession as he might have done under the terms of the lease, and surrendered the property in accordance with this agreement.

CONTRACT on a guaranty in writing of the performance of the covenants of a lease of the land and buildings called

Warner's Block at the corner of Centre Street and Elmwood Street in Newton, for $450 due as rent for the months of August, September and October, 1902, and unpaid by the lessee. Writ in the Municipal Court of the City of Boston, dated May 29, 1903.

The guaranty declared on was as follows:

" I, Albert L. Gordon for a valuable consideration, hereby covenant and agree with the lessors named in the within lease and their legal representatives, that I will guarantee the prompt payment of the rent as within stipulated, and also the faithful performance of all the covenants and agreements therein contained to be kept and performed by the said lessee.

" Witness, my hand and seal this first day of May, A. D. 1899.

" Albert L. Gordon " (seal).

The answer contained a general denial, alleged that there was no consideration for the guaranty, and further set up that the plaintiffs and Alvin J. Gordon, the lessee, made an agreement by which the lease was surrendered and cancelled, and a further agreement to extend the time of payment of the rent sought to be recovered without the consent of the defendant and that the defendant was thereby discharged from liability.

The agreement of surrender set out in the answer was as follows:

" Boston, November 1, 1902.

" Henry E. Bothfeld and Chloe M. Warner, Trustees, Successors to the within named lessors, in consideration of the assignment to them of certain underleases made by Alvin J. Gordon, the within named lessee, of parts of the premises demised in the within lease, and of other valuable considerations, do hereby release and forever discharge said Alvin J. Gordon, his heirs, executors and administrators of and from all claims, demands and causes of action of and concerning the within lease, and especially all claims by them for rent thereunder, excepting rent for August, September and October, 1902; and said Alvin J. Gordon, the lessee, does hereby surrender and yield up the said lease and the premises within described to said lessors, and such surrender is hereby accepted by said lessors, but without

prejudice to the leases cf parts of the premises assigned to said lessors as above mentioned.

> " Henry E. Bothfeld and Chloe M. Warner,
>> "Trustees under will of John Warner,
>>> " by Henry E. Bothfeld  (seal).
>>>> A. J. Gordon "      (seal).

The case came by appeal to the Superior Court where it was submitted upon an agreed statement of facts.    That court ordered judgment for the defendant; and the plaintiffs appealed.

Besides the execution of the lease, the guaranty, the agreement of surrender, and the non-payment of the rent sought to be recovered, the following facts were agreed relating to the defence of the alleged agreement to extend the time of payment of the rent sought to be recovered without the consent of the defendant:

On October 1, 1902, the plaintiffs brought an action in the Newton Police Court against Alvin J. Gordon, the lessee, for rent of the premises for the months of August and September, 1902, and on November 1, 1902, the plaintiffs brought an action in the same court against Alvin J. Gordon for the rent of the premises for the month of October, 1902.

On or about November 1, 1902, the lessors and the lessee, Alvin J. Gordon, made the agreement of surrender printed above, and Alvin J. Gordon assigned to the plaintiffs certain underleases of parts of the premises, and thereupon surrendered possession of the premises to the plaintiffs.

Pending the actions and at the time of the surrender of the lease and as part of that transaction, the trustees named having no funds of the defendant in their hands, the plaintiffs and the defendant in the actions made and entered into the following agreements in writing relating to the actions, which were filed in court on December 2, 1902:

" In case No. 433:

Commonwealth of Massachusetts.

Middlesex, ss.                    Police Court of Newton.

Henry E. Bothfeld *&* *al.*, Trustees.

*vs.*

Alvin J. Gordon & Trustees.

Agreement for Judgment.

"It is hereby agreed that Charles C. Prescott and Stephen J. Quinn, copartners as Prescott & Quinn, summoned as Trustees in the above case be discharged and that judgment be entered for the plaintiffs in the sum of Two Hundred and Eighty and 70.100 dollars ($280.70) with interest from the date of the writ and costs, executions not to be issued until February 15, 1903.

> " A. H. Wellman,
> A. W. Dana,
> > Attorneys for Plntffs.
> " Charles R. Darling,
> > Attorney for Deft."

" In case No. 467.

Commonwealth of Massachusetts.

Middlesex, ss.                    Police Court of Newton.

" Henry E. Bothfeld *& al.*, Trustees.

*vs.*

Alvin J. Gordon & Trustees.

Agreement for Judgment.

" It is hereby agreed that Charles C. Prescott and Stephen J. Quinn, summoned as trustees in the above case, be discharged and that judgment be entered for the plaintiffs in the sum of One Hundred and Forty dollars ($140.) with interest from the date of the writ and costs, execution not to be issued until February 15, 1903.

> " A. H. Wellman,
> A. W. Dana,
> > Attorneys for the Plaintiffs.
> " Charles R. Darling,
> > Attorney for the Defendant."

In pursuance of these agreements judgment was entered for the plaintiffs in each action, on December 5, 1902, in No. 433 for $283.60 damages and $9.26 costs, and in No. 467 for $140.75 damages and $9.06 costs. Execution was issued on these judgments on February 19, 1903, in accordance with the agreements above set forth.

No part of the judgments or executions was paid, and the judgments were in full force and unsatisfied at the date of the writ in this action. Albert L. Gordon, the defendant, had

no notice of the surrender of the lease or the assignment of underleases, or of the actions for rent against Alvin J. Gordon or of the proceedings therein, or of the agreements as to judgment and execution, and did not consent to any of these contracts or transactions.

*A. H. Wellman,* (*A. R. Pike* with him,) for the plaintiffs.

*C. R. Darling,* for the defendant.

HAMMOND, J.   The first ground of the defence is that by the agreements for judgment and stay of execution in the actions against the principal debtor time was given to him without the consent of this defendant.   The actions were pending in the Newton Police Court, and inasmuch as the agreements were signed by an attorney in behalf of the defendant therein, it fairly may be assumed that the actions were being contested. It does not appear at what time the actions in the ordinary course of business in that court would have gone to judgment, but even if the defendant therein had been then defaulted he could have appealed to the Superior Court, and it is manifest that in the ordinary course of proceeding in the appellate court the cases could not have been reached for trial until after February 15, 1903, the time to which the stay of execution under each agreement extended; and the defendant in the case before us does not argue to the contrary.

It is to be observed that this is not a case where an agreement for a stay of execution is made concerning a judgment already in force and upon which the judgment creditor at the time of the agreement has the right to take out execution, as in *Gibson* v. *Ogden,* 100 Ind. 20, and many other cases cited by the defendant. In the case before us the plaintiffs at the time of the agreement had no judgment.   The agreement for a stay of execution was a part of that under which the judgment was obtained, and there is nothing to show that the agreement for judgment could have been then obtained without the clause relating to a stay of execution.   Nor is it a case where by the agreement for the stay of execution the time is extended beyond the time in which in the ordinary course of judicial proceedings it could have been obtained, as in *Wingate* v. *Wilson,* 53 Ind. 78, and several other cases cited by the defendant.   The plaintiffs were prosecuting their claim by a suit against Gordon, the principal debtor, who

had entered upon an active defence. By the agreement they obtained the right to an execution within a time shorter than that required by the ordinary course of judicial procedure. Although there is some conflict in the authorities, yet we think that upon principle and the great weight of authority such an agreement is not a giving of time within the true meaning of the phrase as contained in the general proposition that the giving of time to the principal discharges the surety. As stated in *Hulme* v. *Coles*, 2 Sim. 12: "Time was not given, but the remedy was accelerated." Among other cases supporting this view, see *Fullam* v. *Valentine*, 11 Pick. 156; *Stevenson* v. *Roche*, 9 B. & C. 707; *Price* v. *Edmunds*, 10 B. & C. 578; *Fletcher* v. *Gamble*, 3 Ala. 335.

The second ground of the defence is that without the assent of the defendant the lease was surrendered before its termination by arrangement between the plaintiffs and the lessee. In considering this claim it becomes necessary to look into the nature of the original contract. It was a lease for ten years, containing many covenants on the part of the lessee, of which one was that certain rent should be paid monthly, and another, that neither he nor his successors or assigns, or "others having their estate in the premises," would assign the lease without first obtaining the written consent of the lessors "or of those having their estate in the premises." The lease further provided that if the lessee should "neglect or fail to perform and observe any or either of the covenants . . . which on his part are to be performed," then the lessors might "immediately or at any time thereafter, and whilst such neglect and default continues, and without further notice or demand" enter into the premises and "repossess the same as of their former estate, . . . without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant," and that upon such entry the term should cease. The defendant guaranteed the prompt payment of the rent and the faithful performance of all the covenants of the lessee.

At the time of the surrender dated November 1, 1902, the rent for three months was due and unpaid and actions for the collection of the same had been begun against the lessee, and the liability of this defendant to pay the same also had become fixed.

Under these circumstances, instead of forcing the lessors to make a formal entry into the premises the tenant consented to surrender the estate, thereby relieving the lessors from the necessity of such entry. The transaction was in substance a termination of the estate in accordance with its original terms. It was simply applying the original contract to a condition of circumstances which had been anticipated therein, and substantially in a manner therein provided for. In a word, the term was ended substantially as it was provided that it should be ended; and the consent of the defendant, the guarantor, to such an ending must be presumed. Moreover, by the terms of the lease the defendant never could have become the assignee of the lease or have held possession under it if an entry had been made for possession by the lessors. The obligation to pay the past rent was not changed by the surrender, and the liability of the defendant to pay it, which before the surrender had become fixed, continued notwithstanding the termination of the lease. See *Kingsbury* v. *Westfall*, 61 N. Y. 356.

*Judgment reversed; judgment for the plaintiffs for $440.30, with interest from the date of the writ.*