## GREAT NORTHERN RAILWAY COMPANY v. MINNESOTA.

## SAME v. SAME.

Nos. 106 and 107. Argued January 9, 1929.—Decided February 18, 1929.

*Mr. F. G. Dorety,* with whom *Mr. Thomas Balmer* was on the brief, for plaintiff in error and appellant.

*Mr. G. A. Youngquist,* Attorney General of Minnesota, with whom *Mr. Patrick J. Ryan* was on the brief, for defendant in error and appellee.

Mr. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case is here both by writ of error and appeal. Appeal being the proper method, the writ of error (No. 106) will be dismissed.

The action was brought by the state to recover taxes for the years 1901 to 1912, inclusive. Judgment against the company was rendered by the trial court for the years 1903 to 1912, no recovery being allowed for 1901 or 1902. Upon appeal the state supreme court affirmed the judgment. 160 Minn. 515. A writ of error from this Court was dismissed for want of jurisdiction resulting from an insufficient setting forth and waiver of claim of a substantial federal constitutional question. 273 U. S. 658. Thereafter, the state supreme court vacated its judgment, granted a reargument upon the constitutional question, and again affirmed the trial court. 174 Minn. 3. The present appeal is from the judgment of the court below last described.

In Minnesota, by statute amended from time to time but substantially in effect since 1871 (see 1 Mason's Minnesota Statutes, 1927, §§ 2246, 2247), a tax, measured by gross earnings, is laid upon all railway companies, in lieu of all taxes upon all of their property within the state. As a basis for computing the tax, each railway company is required to report annually its gross earnings upon business done upon its lines wholly within the state and upon

interstate business in the proportion which the mileage within the state bears to the entire mileage of the railway over which such interstate business is done. The tax thus levied is a property tax based on the gross earnings fairly attributable to the property of the railway company within the state. The state supreme court has so held. And to the same effect see *Cudahy Packing Co.* v. *Minnesota,* 246 U. S. 450, 452.

The attack upon the statute is not that it is bad upon its face, but that, as applied to the specific facts upon which the liability of the company in the present action was sustained, it imposes a tax in respect of earnings wholly referable to certain docks in Wisconsin and a short stretch of track immediately connected therewith, and, therefore, results in laying a tax upon property outside the State of Minnesota. The contention is that the statute as thus construed and applied constitutes a burden upon interstate commerce and also violates the due process of law and equal protection of the laws clauses of the Fourteenth Amendment. The facts follow.

Among the lines owned and operated by the railway company, directly or through its subsidiaries, amounting in all to more than 2,000 miles within the state, is a road 107 miles in length running from the Mesaba Iron Range in Minnesota to, and including as part thereof, the Wisconsin docks. Eighty-seven miles of the road are in Minnesota, and 20 miles including the docks are in Wisconsin. The principal business of the road is that of hauling ore from the mines at Mesaba to the docks. For this service the tariff provides a single charge per ton of ore transported, in which the dock service is absorbed without being separately specified. For the years in question, the railway company, in reporting the gross earnings assignable to the Minnesota part of the line as proportioned to the foregoing division of the mileage, first allocated to the docks and deducted, as compensation for dock services, amounts

ranging from 15 to 25 cents per ton of ore hauled. This was done upon the theory that in calculating the gross earnings the portions of the line in the two states should be considered entirely apart from the docks, and that the amounts thus allocated and deducted constituted earnings fairly attributable to the docks and the immediately connecting track .alone. Taxes were computed and paid accordingly. Subsequently, the facts being disclosed, the state brought this action for additional taxes calculated upon the amounts thus allocated and deducted.

The constitutional contention was not pressed in the trial court. No finding pertinent to that inquiry was either asked or made. The question was raised by the answer, but waived in both courts below; and we so held. But for the action of the state supreme court in granting a reargument, it would not be here now. We agree with that court that it fairly cannot be found from the evidence that the mileage value of the Wisconsin part of the line, including the docks, was in fact greater than the Minnesota part of the line. The record contains some statements in respect of the cost of the docks and in respect of expenditures in road construction, but the showing is incomplete and leaves even the question of cost in large degree a subject for conjecture.

The evidence does not show the actual use value of either the Minnesota or the Wisconsin part of the road, or their relative values. If all the facts bearing upon the matter were revealed, they well might demonstrate not only that cost, even if proved, would not be a fair measure of the use value, but that the Minnesota part of the line, mile for mile, was equal in value to that of the Wisconsin portion with the docks included. Such evidence as the record contains tends to that conclusion rather than the contrary. The road, including the docks, is a unit. The charge for transportation of ore, including dock services, is a single charge. The entire ore traffic originates and

seems to be controlled in Minnesota; and the earnings from that source comparatively are very great, suggesting at least the probability of a special use value of the Minnesota part of the line. It is competent for the state to impose a tax upon the property of the company within the state and for that purpose to measure the value of such property in the way here provided. We find nothing in the record to indicate that the tax under consideration, plus that already collected, exceeds " what would be legitimate as an ordinary tax on the property valued as part of a going concern, [or is] relatively higher than the taxes on other kinds of property." *Pullman Co.* v. *Richardson,* 261 U. S. 330, 339.

Under these circumstances, upon principles established by numerous decisions of this Court, the tax is not open to challenge as an exaction in violation of the federal Constitution. *Pullman Co.* v. *Richardson, supra,* pp. 338–339; *U. S. Express Co.* v. *Minnesota,* 223 U. S. 335, 345; *Cudahy Packing Co.* v. *Minnesota, supra,* pp. 453–455, and cases cited.

*Judgment affirmed.*