## UTLEY et al. v. STATE INDUSTRIAL COM. et al.

No. 25942.   March 10, 1936.

Twyford & Smith and William J. Crowe, for petitioners.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves. Asst. Atty Gen., for respondent State Industrial Commission.

PHELPS, J.  On May 10, 1933, Alfred Hale was injured while engaged in a hazardous employment on the Fort Sill Military Reservation near Lawton, Okla., in the employ of Jerome A. Utley, who carried workmen's compensation insurance.  The State Industrial Commission awarded workmen's compensation to the injured employee, and the employer and insurance carrier have instituted this action to review the award, contending that the Workmen's Compensation Act of Oklahoma is not applicable to, and the Industrial Commission has no jurisdiction over, injuries received in the course of labor performed on the United States Military Reservation at Fort Sill.

The Fort Sill Military Reservation was set aside and designated as such before the state of Oklahoma was created, and the land constituting that reservation was not purchased by the federal government from the state of Oklahoma within the meaning and for the purposes included within article 1, sec. 8, clause 17 of the Constitution of the United States, but was owned by the United States by cession from France many years before Oklahoma became a state.

In 1913 our state Legislature by enactment ceded exclusive jurisdiction to the United States of all territory "now owned by the United States and comprised within the limits of the military reservation of Fort Sill," reserving the right, however, to serve civil or criminal process within the reservation in suits or prosecutions for or on account of rights acquired, obligations incurred or crimes committed outside of the reservation.  This enactment is now section 12253, O. S. 1931.  (It is proper at this place, without any assertion as to its significance, to say that the parties stipulated in the instant action that the contract of employment and all incidents in connection therewith were made, performed, and occurred on the reservation.)

In 1915, two years later than the above cession of jurisdiction, our Legislature adopted the Workmen's Compensation Act. In 1928 the federal Congress enacted an act (chap. 15, 45 Stat. at L. 54, USCA Title 16, sec. 457), the pertinent parts of which are as follows:

"In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United S`ates, within the exterior boundaries of any state, such right of action shall exist as though the place were under the jurisdiction of the state; * * * and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the state within the exterior boundaries of which it may be."

It is obvious from the above history that whatever jurisdiction the state courts or the Legislature had over the Fort Sill Military Reservation prior to 1913, was by section 12253, supra, in 1913, ceded to the United States exclusively.  When the Workmen's Compensation Act was later adopted it could have no application to territory beyond the jurisdiction of its creator, the Legislature.

Did the act of Congress of 1928, copied above, then make the Workmen's Compensation Act applicable within the reservation, and thus vest jurisdiction in the State Industrial Commission to make awards for injuries received therein?  This question

must be answered by reference to the terms of the congressional act. That act refers only to actions at law for the neglect or wrongful act of another, whereas our Workmen's Compensation Act abolished such actions at law by injured employees against employers, either with or without negligence, except in certain cases not pertinent here, and substituted the rights and procedure now administered by the State Industrial Commission. Such was the reasoning of the Supreme Court of Washington, and the same view was taken on appeal by the Supreme Court of the United States. We shall refer to those decisions further on in this opinion. Since the question before us involves the construction of an act of Congress, we are dealing in part with a federal question, in which case we should, if possible, follow the ruling thereon of the Supreme Court of the United States.

This question was before us in Utley v. Phelan, 168 Okla. 411, 33 P. (2d) 498, wherein the present contention of the petitioners was upheld, but due to the fact that the decision was based upon a confession of error, it cannot be said that the point was expressly decided. The then Attorney General, briefing the case in behalf of the commission, reached the conclusion that the brief of petitioners could not be successfully answered, and it was on that basis that we stated:

"* * * And we conclude that the State Industrial Commission was without jurisdiction or authority to pass upon the claim of the claimant."

The Industrial Insurance Act of the state of Washington was so constructed that the injured employee drew compensation from a state insurance fund created by contribution from employers, while our act is not exactly like that. However, from the viewpoint of the question under consideration, no legal distinction can result because of that difference. In Murray v. Gerrick & Co., 172 Wash. 365, 20 P. (2d) 591, the material facts were almost identical with those in this case; the jurisdiction of the federal government over Pudget Sound Navy Yard, where the injury occurred, became effective prior to the passage of the Industrial Insurance Act. The contention was made that the above-quoted congressional act of 1928 made the Industrial Insurance Act applicable to the Navy Yard. The contention was overruled, both by the Supreme Court of Washington and the Supreme Court of the United States. On appeal the decision of the Washington Supreme Court was affirmed in Murray v. Gerrick & Co., 291 U. S. 315, 78 L. Ed. 821. For brevity's sake, and because it is controlling on this particular question, we adopt the following language from the Supreme Court of the United States in that decision:

"The state Supreme Court held that the compensation act does not apply to territory beyond the authority of the state Legislature. But it also held that act could not have any force in the Navy Yard, since it was adopted many years after the cession of jurisdiction by the state and consequent acquisition of the tract by the United States. In this the court was clearly right. After the effective date of the state's cession the jurisdiction of the federal government was exclusive (Ft. Leavenworth R. Co. v. Lowe, 114 U. S. 525, 537, 29 L. Ed. 264, 268, 5 S. Ct. 995; United States v. Unzeuta, 281 U. S. 138, 74 L. Ed. 761, 50 S. Ct. (284), and laws subsequently enacted by the state were ineffective in the Navy Yard. Arlington Hotel Co. v. Fant, 278 U. S. 439, 73 L. Ed. 447, 49 S. Ct. 227. Congress may, however, adopt such later state legislation as respects territory under its jurisdiction, and the petitioner claims it did so adopt the compensation act by the Act of February 1, 1928. This argument overlooks the fact that the federal statute referred only to actions at law, whereas the state act abolished all actions at law for negligence and substituted a system by which employers contribute to a fund to which injured workmen must look for compensation. The right of action given upon default of the employer in respect of his obligation to contribute to the fund is conferred as a part of the scheme of state insurance and not otherwise. The Act of Congress vested in Murray no right to sue the respondents, had he survived his injury. Nor did it authorize the state of Washington to collect assessments for its state fund from an employer conducting work in the Navy Yard. If it were held that beneficiaries may sue, pursuant to the compensation law, we should have the incongruous situation that this law is in part effective and in part ineffective within the area under the jurisdiction of the federal government. Congress did not intend such a result. On the contrary, the purpose was only to authorize suits under a state statute abolishing the common-law rule that the death of the injured person abates the action for negligence."

For further authority and excellent discussion of this question and its subheads see the following cases: St. L. & S. F. Ry. Co. v. Satterfield, 27 Fed. (2d) 586; U. S. v. Unzuetta, 281 U. S. 138, 74 L. Ed. 761, 50 S. Ct. 284, and cases cited; Ex parte Hebard, 4 Dill. 380; Fort Leavenworth R. R. Co. v. Lowe, 114 U. S. 525, 29 L. Ed. 264, 5 Sup. Ct.

995; People v. Mouse, 203 Cal. 782, 265 P. 944; U. S. v. Cornell, 2 Mason, 60; U. S. v. Tucker, 122 Fed. 518; Anderson v. C. & N. W. R. R. Co., 102 Neb. 578, 168 N. W. 196; Steele v. Halligan, 229 Fed. 1011; and particularly Kaufman v. Hopper, 220 N. Y. 184, 115 N. E. 470.

The law announced herein appears to be the only view possible under the facts of the case, especially in a jurisdiction wherein the Workmen's Compensation Act has no extraterritorial effect, such as is the case in Oklahoma. Sheehan Pipe Line Const. Co. v. State Industrial Commission, 151 Okla. 272, 3 P. (2d) 199; Continental Oil Co. v. Pitts, 158 Okla. 200, 13 P. (2d) 180. The award is vacated.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur.