CITY OF JACKSON *v*. RICHARD *et al*.

(Division A. Feb. 27, 1939. Suggestion of Error Overruled April 24, 1939.)

[186 So. 657. No. 33606.]

**W. E. Morse**, of Jackson, for appellant.

138

Robertson & Robertson, of Jackson, for appellees.

Argued orally by **W. E. Morse**, for appellant, and by **Stokes V. Robertson**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The City of Jackson brought this suit against the appellees, S. S. Richard, a plumbing contractor, and the United States Fidelity & Guaranty Company, surety on his bond as a master plumber, for damages and costs in the sum of $351 which the city had been required to pay in settlement of a judgment theretofore rendered in favor of W. L. Maxwell on account of a personal injury sustained while driving his automobile across a ditch or hole in the street caused by the concrete pavement giving way immediately over a tunnel dug thereunder some months previously by the said Richard. There was a directed verdict in favor of the appellees herein and the city prosecutes this appeal.

In the former suit Maxwell sought recovery of damages for his injury against both Richard and the city. Richard demurred on the ground that the declaration did not allege facts sufficient to show that he had been guilty of negligence in the matter of refilling the excavation made by him underneath the street where the accident occurred. The demurrer was sustained, and Max-

well having failed to plead further as to Richard, the case was dismissed or discontinued as to him and prosecuted to final judgment against the city. When the present suit came on for trial Richard interposed a plea of res adjudicata on two grounds: (1) That a general demurrer had been sustained in the former suit as to his alleged liability, and on which action of the court a final judgment had been rendered in his favor, and (2) because in that suit the city had obtained an instruction that if the jury believed that the injury of the plaintiff Maxwell was sustained solely on account of the negligence of Richard in failing to properly refill the excavation under the street they must find in favor of the city and that hence the verdict rendered against the city amounted to a finding that Richard was not negligent. The court below overruled the plea of res adjudicata, and properly so, because, (1) the city was seeking no relief in the former suit against Richard, and could have sought none under that state of case, (2) because the jury in that case could have rendered the verdict against the city on the ground that it knew, or by the exercise of reasonable care should have known, of the existence of the defect in the street caused by the alleged negligence of Richard and negligently failed to repair the same, and the jury was so instructed in the event it so believed, and (3) because the jury was further instructed on behalf of the city that neither was Richard nor his bonding company any longer a party to the suit, and that the only question for the determination of the jury was the liability or not of the City of Jackson.

Therefore, the only other question for decision on this appeal is whether the evidence was sufficient to require a submission of the case to the jury on the issue of the negligence of Richard in failing to properly refill the excavation made in tunneling under the street from the curb at the place of the accident. His bond required that he comply with the city ordinance in that regard. The

ordinance provided: ''It shall be unlawful for any person who shall make any excavations in the Streets of this city to omit, in filling the same, to properly pack down the earth restored to make a hard surface conforming to the elevation of earth surrounding place of such excavation.''

The appellee Richard was introduced as an adverse witness by the appellant, and testified that he had refilled the excavation and tamped it down in full compliance with the foregoing ordinance. To contradict his testimony, a city engineer was introduced and when asked what caused the break in the paving stated that ''it was caused by not being tamped under there; nothing to support the paving, and it just fell in.'' He further testified in substance that after Maxwell was injured the city had to fill a hole underneath the pavement by putting some gravel in it where Richard had previously excavated the tunnel; and that the ditch or hole in the pavement where the accident occurred was over the place where Richard had previously tunneled under the street. We are therefore of the opinion that an issue was made for the jury on the question as to whether the appellee Richard had properly refilled the excavation in the manner required by the ordinance, or had negligently failed to do so.

Reversed and remanded.