OTTINGER BROS. et al. v. CLARK et al.

No. 30840. Nov. 17, 1942.

*131 P. 2d 94.*

Looney, Watts, Fenton & Eberle and H. R. Palmer, all of Oklahoma City, for petitioners.

C. T. O'Neal, of Lawton, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is an original proceeding in this court brought by Ottinger Brothers and their insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award which was made by the State Industrial Commission in favor of Arthur W. Clark, hereinafter referred to as respondent.

It is admitted that on May 15, 1941, respondent, while within the Fort Sill Military Reservation in the employment of Ottinger Brothers, and while engaged in an employment defined as hazardous by the Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.), sustained an accidental personal injury in the course of and arising out of his employment.

The petitioners challenge the jurisdiction of the commission to hear and determine the claim and present their argument under the following propositions:

"1. Exclusive jurisdiction of the area comprising the United States Military Reservation of Fort Sill is in the United States of America, and the State Industrial Commission has no jurisdiction of accidental injuries occurring in that area.

"2. The jurisdiction of the Federal Government over the area comprising the Fort Sill Military Reservation is exclusive and cannot be delegated under article 1, section 8, clause 17, of the Constitution of the United States."

Oklahoma was admitted to statehood on November 16, 1907. The Fort Sill Military Reservation was set aside and designated as such by the government prior to statehood. Oklahoma entered the Union on a basis of equality with all other states and acquired all rights of a political nature that are enjoyed and exercised by the other states of the nation. In granting statehood to Oklahoma the government imposed no restrictions upon the state in connection with its use of the reservation. After the admission of Oklahoma, the government held the reservation as a proprietor, subject only to the limitation upon the state that the United States should remain unhampered in the use to which it was devoting its property. St. Louis-San Francisco Ry. Co. v. Satterfield, 27 F. 2d 586.

In 1913 the State of Oklahoma by legislative enactment ceded exclusive jurisdiction to the United States over all territory then owned by the United States and comprised within the limits of the Military Reservation of Fort Sill, reserving, however, to the state the right to serve civil or criminal process within the reservation in suits or prosecutions for or on account of rights acquired, obligations incurred, or crimes committed outside of the reservation; and saving further to the state the right to tax railroad companies and other corporations and their franchises and property on said reservation; and further provided that the jurisdiction so ceded would continue no longer than the United States owns and holds said reservation for military purposes. This enactment is now 80 O. S. 1941 § 4.

In 1915 the Workmen's Compensation Law was enacted by the Legislature and has been in force and effect since that time, subject, of course, to various modifications.

In 1936 Congress conferred upon or receded to the state the jurisdiction to extend the Compensation Law to the reservation. See Act of June 25, 1936 (49 Stat. at L. 1938, 40 U. S. C. A. § 290) which, insofar as pertains to the case at bar, reads as follows:

"Whatsoever constituted authority of each of the several states is charged

with the enforcement of and requiring compliances with the state Workmen's Compensation Laws of said states and with the enforcement of and requiring compliance with the orders, decisions, and awards of said constituted authority of said state shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of America by deed or act of cession, by purchase or otherwise, which is within the exterior boundaries of any state, and to all projects, buildings, constructions, improvements, and property belonging to the United States of America, which is within the exterior boundaries of any state, in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the state within whose exterior boundaries such place may be.

"For the purposes set out in this section, the United States of America hereby vests in the several states within whose exterior boundaries such place may be, insofar as the enforcement of state Workmen's Compensation Laws are affected, the right, power, and authority aforesaid: Provided, however, That by the passage of this section the United States of America in nowise relinquishes its jurisdiction for any purpose over the property named, with the exception of extending to the several states within whose exterior boundaries such place may be only the powers above enumerated relating to the enforcement of their state workmen's compensation laws as herein designated: Provided, further, That nothing in this section shall be construed to modify or amend sections 751-796 of Title 5."

On June 4, 1941, the Legislature accepted the provisions of the Act of Congress of 1936. 85 O. S. 1941 § 4.

Petitioners cite a number of cases, including the consolidated cases of State of Washington v. W. C. Dawson & Co. and Industrial Accident Commission of the State of California et al. v. James Rolph Co. et al., 68 L. Ed. 646, 264 U. S. 219, 44 S. Ct. 302; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834; Arlington Hotel Co. v. Fant, 73 L. Ed. 477, 278 U. S. 439, 49 S. Ct. 227; Utley et al. v. State Industrial Commission et al., 176 Okla. 255, 55 P. 2d 762, in support of

their argument that the United States has exclusive jurisdiction over the military reservation and such jurisdiction cannot be delegated by Congress. Petitioners contend that the Act of Congress of 1936, supra, is an attempt to violate clause 17, sec. 8, art. 1, of the Constitution of the United States, which provides in part as follows:

"The Congress shall have Power To . . . exercise exclusive Legislation in all Cases whatsoever, over such District, . . . and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State at which the Same shall be, for the erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings."

The federal cases do not seem to support petitioners' argument. Section 8, art. 1, of the Constitution, supra, applies only in the cases where the territory is acquired by the United States by cession of the state or where it is acquired by purchase or consent of the Legislature of the state. Said section does not apply in those cases where the United States had acquired the territory by some means other than with the consent of the Legislature. Here the United States owned the territory long before the state came into existence. Fort Leavenworth Railroad Co. v. Lowe, 29 L. Ed. 264, 114 U. S. 525; St. Louis-San Francisco Ry. Co. v. Satterfield, supra.

In the present case the state had full political jurisdiction over the military reservation until the statute of cession was enacted in 1913. The effect of that statute was to place in abeyance the powers of the Legislature to extend the laws of the state to the reservation. When the Workmen's Compensation Law was enacted in 1915 it did not extend to the reservation by reason of the prior cession of jurisdiction. Utley v. State Industrial Commission, supra. But that law was merely in suspension or abeyance so far as the reservation was concerned. As long as the United States retained the exclusive right to legislate concerning that area as ceded by the state, the state could not apply the statute. However, when Congress

receded the jurisdiction to the state by the 1936 Act, supra, the law was no longer in abeyance and applied, ipso facto, to the reservation. We have no fault to find with the opinion in the Utley Case, supra, and the opinion under the then existing law was undoubtedly correct. The Utley Case is readily distinguishable from the case at bar. From statehood until the Act of 1913, supra, was enacted, the state, not the United States, had political control of the reservation. The United States then, after 1913, had jurisdiction over the reservation until the Act of Congress of 1936, supra. The Utley Case was decided before the enactment of the last above-mentioned act.

The Act of 1936, supra, completely and effectively reinstated or revested the jurisdiction in the state for the purpose of applying and enforcing the state Workmen's Compensation Act. The question herein is not one of the adoption of state laws, nor an attempted delegation of jurisdiction by Congress, but a question of relinquishing and revesting in the state a portion of the jurisdiction that the state had temporarily suspended in itself and vested in the Federal Government by its act of cession of 1913. The early case of Renner v. Bennett, 21 Ohio St. R. 431, is authority for Congress to recede jurisdiction in a case such as is here presented. This case has been followed and quoted in a number of later cases. Also, see State ex rel. Cashman v. Board of Com'rs of Grant County, 153 Ind. 302, 54 N. E. 809; LaDuke v. Melin, 45 N. D. 349, 177 N. W. 673; Williams v. Arlington Hotel Co., 15 F. 2d 412.

Petitioners also contend that the Act of Congress of 1936, supra, was not accepted by the State Legislature until June, 1941, which acceptance was not in effect at the time the accident herein occurred, and for that further reason the Industrial Commission was without jurisdiction to make the award. We think this contention is without merit. The case of Renner v. Bennett, supra, is authority for the rule that acceptance of the act of recession is unnecessary.

If an acceptance was necessary, then it would have been equally necessary that the Congress of the United States accept the Act of the Legislature of 1913 ceding jurisdiction to the United States. That was never done. But as shown in Fort Leavenworth Railroad Co. v. Lowe, supra, and St. Louis-San Francisco R. Co. v. Satterfield, supra, said act was effective without any acceptance by Congress. The Act of Congress of 1936, supra, therefore, became effective immediately after its final passage.

We find all of the issues in favor of the respondent. Award sustained.

WELCH, C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., absent.