### UNITED STATES v. CHICAGO, R. I. & P. RY. CO.

No. 3701.

United States Court of Appeals
Tenth Circuit.

Dec. 1, 1948.

Rehearing Denied Jan. 17, 1949.

378

Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., for appellant.

J. I. Gibson, of Oklahoma City, Okl. (Savage, Gibson & Benefield, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Certain railway tracks within Fort Sill, a military reservation in Oklahoma, were owned by the United States, were maintained by the Army, and were used by the Chicago, Rock Island and Pacific Railway Company as a common carrier in the performance of its services within the fort. Ernest Eitel was employed as a brakeman for the company. An engine of the company was moving along one of the tracks in the course of its operational activities. Eitel was riding on the footboard of the engine giving signals to the engineer. A pile of hardened blacktop material was lying immediately adjacent to the north rail of the track. Employees of the United States, acting under the supervision of the post engineer, permitted the material to remain at that place. Eitel's foot was caught between the footboard of the engine and the pile of material and was severly injured. He filed a claim against the railway company for damages for personal injuries. The company settled the claim for $7650, and also paid the employee $214 for medical, hospital, and drug bills. The company as subrogee or indemnitee under Eitel later filed this action against the United States under the Federal Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. § 921 et seq.[1] The United States filed a motion to dismiss the action for failure of the complaint to state a claim on which relief could be granted; the motion was denied; the United States answered; the cause was tried; judgment was rendered for the company; and the United States appealed.

It is argued that the court erred in failing to dismiss the action for the reason that a subrogee or an indemnitee of one who suffered personal injury proximately caused by the wrongful act or omission of an employee of the United States cannot maintain an action against the United States for the recovery of damages. Of course, the United States is immune from suit of this kind unless it has waived its immunity and consented by statute to be sued. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Klamath and Moadoc Tribes v. United States, 296 U.S. 244, 56 S.Ct. 212, 80 L.Ed. 202; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

Section 410(a) of the Federal Tort Claims Act, 28 U.S.C.A. § 931(a),[2]

---

[1] In 1948 Judicial Code, see 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

[2] In 1948 Judicial Code, see 28 U.S.C.A. §§ 1346, 2674.

provides in presently material part that subject to the provisions of the title "the United States district court * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of * * * personal injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such * * * injury * * * in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances * * * ". The Act fails to include language expressly providing in specific terms that a subrogee or an indemnitee of the injured person may maintain a suit under its provisions. But it bears convincing tokens of a primary purpose to provide a comprehensive system of judicial review as a complete substitute for the long existing and unsatisfactory procedure of Congress considering and passing upon a large volume of private bills for the relief of claimants which were regularly introduced and appeared upon the calendars of both branches of the Congress. The Act may not be extended by implication to cases not plainly within its terms, but if Congress had intended to exclude from its scope claims of subrogees or indemnitees it certainly would have used apt and appropriate language to that effect. Bearing in mind the background of the Act, and the legislative purposes intended to be accomplished, it is reasonably clear that under its provisions a subrogee or an indemnitee may maintain a derivative suit against the United States. Employers' Fire Insurance Co. v. United States, 9 Cir., 167 F.2d 655; Old Colony Insurance Co. v. United States, 6 Cir., 168 F.2d 931; Aetna Casualty & Surety Co. v. United States, 2 Cir., 170 F.2d 469; Yorkshire Insurance Co. v. United States, 3 Cir., 171 F.2d 374.

Section 410(a) of the Act waives the immunity of the United States against suit in a case of this kind under circumstances where the United States, if a private person, would be liable under the local law of the place where the tort occurred. This accident took place within a federal enclave in Oklahoma where the law of the state does not have application except in certain respects without material bearing here. Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 64 S.Ct. 622, 88 L.Ed. 814; Utley v. State Industrial Commission, 176 Okl. 255, 55 P.2d 762. But Eitel's employment as brakeman was within the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. That act was in force and effect within the military reservation; he asserted liability against the railway company under the provisions of that act; and here the railway company as his subrogee or indemnitee stands in his shoes asserting the same right which he might have asserted against the United States. Moreover, whatever may have been said in earlier cases, in United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, a so-called field of federal common law was clearly recognized. We entertain no doubt that Eitel could have maintained an action against the United States for damages for the personal injury which he sustained as the result of negligence on the part of the United States in permitting the hardened material to remain immediately adjacent to the railway track, and therefore the railway company as subrogee or indemnitee under him could likewise maintain this action.

The trial court expressly found that through the negligence of the employees of the United States, acting under the direction and supervision of the post engineer of the fort, the hardened material was allowed to remain immediately adjacent to the rail; that the railway company and its employees were not negligent in failing to discover the material; that Eitel's injury was the sole and proximate result of the negligence of the United States and its employees; and that the amount which the railway company paid to Eitel was reasonable. It is urged that these findings were contrary to the weight of the

evidence, and that the judgment entered was excessive in amount. In the trial of a non-jury case, it is the province of the trial court to observe the witnesses while testifying to judge their qualifications, to appraise their credibility, to determine the weight to be given to their testimony, to draw reasonable inferences from the facts established, and to resolve conflicts in the evidence, both direct and circumstantial. It would not serve any useful purpose to detail the evidence adduced upon the trial of this case. It is enough to say that the evidence and the reasonable inferences fairly to be drawn from it were sufficient to support the findings, including the finding that the amount paid to Eitel was reasonable, and they were not plainly erroneous. Therefore they are not open to the attack directed against them. Yates v. American Republics Corp., 10 Cir., 163 F.2d 178; Wyoming Railway Co. v. Herrington, 10 Cir., 163 F.2d 1004; Boston Insurance Co. v. Read, 10 Cir., 166 F.2d 551.

The judgment is affirmed.