## ST. LOUIS–SAN FRANCISCO RY. CO. v. UNITED STATES.

### No. 13252.

United States Court of Appeals
Fifth Circuit.

March 28, 1951.

C. R. Bolton, Tupelo, Miss., D. W. Houston, Jr., Aberdeen, Miss., E. G. Nahler, C. H. Skinker, Jr., and James L. Homire, all of St. Louis, Mo., for appellant.

Chester L. Sumners, U. S. Atty., Oxford, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The suit under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., was for recovery of amounts paid by plaintiff, appellant here, in settlement of suits and claims of its employees for damages caused by the inhalation of and contact with gas from poisonous gas bombs shipped by defendant and hauled by plaintiff over its line.

The claim was: that defendant, without giving plaintiff the proper warnings, or taking the proper precautions as to the bombs to prevent injury therefrom, but negligently omitting both, had, without any fault on plaintiff's part, permitted the bombs to become leaky and dangerous and to cause injury and damage to plaintiff's employees; that plaintiff had settled and compromised the claims for reasonable and just sums; that, as between it and defendant, plaintiff was without fault and defendant was wholly to blame for the conditions and their consequences; and that plaintiff was therefore entitled to recover of defendant the just and reasonable amounts it had been compelled to pay out.

The defendant, insisting that the complaint failed to state a cause of action, moved to dismiss it.

The district judge was of the opinion[1] that the payment of the claims against it

---

1. "I would not have any question in the world about the decision in this case if it was not for this case. U. S. v. Chicago, Rock Island & Pacific R. R. Co., 10 Cir., 171 F.2d 377. It seems to me, however, this case is to be distinguished from your case here; —the Court there seemed to assume, without citing any law or giving any authority or anything else, the fact that the railroad company is subrogated by law, and it may be under the Common Law of the United States. I would not take issue with the Court on that. They just seem to assume it, however, without citing any authority. But we are to be governed

926

gave plaintiff no right or cause of action in Mississippi under the Tort Claims Act, and that under Mississippi law there was no subrogation of the plaintiff to the claims of its employees. He sustained the motion, and plaintiff has appealed.

Here, citing many cases,[2] federal and state, appellant insists that the basis for determining its rights of subrogation and indemnity was the Federal Employers Liability Law,[3] but that if this is not so, the law of Mississippi, as to subrogation and indemnity is in substance the same.

We need not undertake to determine whether appellant is right in its claim that the Federal Employers Liability Law, rather than the law of Mississippi, determines its right to recovery. We are in no doubt that under the authorities cited by appellant, the complaint stated a cause of action under

the law of Mississippi and that it was error to dismiss it.

The recent opinions of the Supreme Court in United States v. Yellow Cab Co. (Capital Transit Co. v. United States,) 71 S.Ct. 399, have re-recognized and re-affirmed the wide scope of the Federal Tort Claims Act. Declaring there that Congress recognized a clearly defined "breadth of purpose for the bill as a whole and the general trend toward increasing the scope of waiver by the United States of its sovereign immunity from suit", the court went on to hold that "it is inconsistent to whittle it down by refinements".

In so holding, the court put the weight of its authority behind brushing aside refinements of construction which would set unreasonable limits upon the broad application of the act.

here by Mississippi Law. I do not know any Mississippi Law that under a situation of this kind, where the railroad company comes in, as does here, and has to admit that they paid off a claim against themselves for their own negligence,— imputed to them by the Federal Employers Liability Act, [45 U.S.C.A. § 51 et seq.] but still legally their negligence for which they paid off, that they are then subrogated to the right that their employees may have had to sue the United States for the same thing. I think under your statement in your declaration that these people might have sued the United States under the Torts Claim Act,—but they did not choose to do so; they chose to sue the railroad company for its negligence. I do not think you have any subrogation under Mississippi Law, in a situation of that kind. And I think Section 3477 [31 U.S.C.A. § 203] does bar such a transfer of rights as you have here. Just to bring the thing down to its final analysis without a lot of big words about it, what happened was that you said to your employees 'you say you have a claim against us. We will settle the claim against us if in that settlement you will transfer to us the claim you have against the United States.' I think it is an entirely different proposition. That seems to me to be a voluntary assignment.

"I think the motion to dismiss will be sustained. I will say that this case (above cited) does make it doubtful, but I do not think the law in Mississippi and

the Federal Common Law is the same thing, and the Court seems to assume that there is a subrogation by law under the Federal Common Law under such a situation. I do not think there is any such subrogation under the laws of Mississippi under the factual situation we have here."

2. Among them are: Am.Jur., Vol. 9, p. 961; Am.Jur., Vol. 27, p. 467; Central Surety & Ins. Corp. v. Miss. Export R. Co., 5 Cir., 91 F.2d 125–128; City of Jackson v. Richard, 185 Miss. 136, 186 So. 657; Corpus Juris, Vol. 10, p. 606, 13 C.J.S., Carriers, § 529; Grandquist v. Crystal Springs Lbr. Co., 190 Miss. 572, 1 So.2d 216, 218; Howey v. Yellow Cab Co., 3 Cir., 181 F.2d 967, 973; Manning Mfg. Co. v. Hartol Products Corp., 2 Cir., 99 F.2d 812; Snohomish County v. Great Northern Ry. Co., 9 Cir., 130 F.2d 996, 1000; S. W. Bell Tel. Co. v. East Texas Pub. Co., 5 Cir., 48 F.2d 23, 25; United States v. Chicago, R. I. & P. Ry. Co., 10 Cir., 171 F.2d 377, 379; United States v. Aetna Cas. & S. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L. Ed. 171; Washington Gas Light Co. v. Dist. of Columbia, 161 U.S. 316, 16 S. Ct. 564, 40 L.Ed. 712; to which may be added Booth-Kelly Lbr. Co., v. Southern Pac. Co., 9 Cir., 183 F.2d 902; Restatement, A. L. I., Restitutions, Sec. 95, and U. S. v. Yellow Cab Co. (Capital Transit Co. v. U. S.), 71 S.Ct. 399.

3. St. Louis-San Francisco Ry. Co. v. Dyson, 207 Miss. 639, 43 So.2d 95.

■ Because the questions for decision here have been so firmly settled, we need not labor them. It is sufficient to say: that in Mississippi, as generally elsewhere, a right of indemnity, as distinguished from a right of contribution, arises in favor of one not actively at fault against an active wrongdoer; that the facts pleaded would, if the suit were between private parties, make out a case, within the settled rule; and that this being so, a case is made out against the United States under the Federal Tort Claims Act.

It was error to dismiss the complaint. The judgment dismissing it is reversed and the cause is remanded for further and not inconsistent proceedings. Reversed and remanded.