TAXATION — LICENSE TAX ON COIN OPERATED DEVICES ON FEDERAL RESERVATION Companies operating coin operated music and amusement devices located on a federal military reservation, are subject to license tax pursuant to 68 O.S. 1503 [68-1503] (1971). The Attorney General has considered your request for an opinion wherein, in effect, you ask the following question: Are licenses required under Title 68 O.S. 1503 [68-1503] (1971) for companies operating coin operated devices on the Ft. Sill military reservation? Title 68 O.S. 1503 [68-1503] (1971) states, in part: "Every person who owns and has available to any of the public for operation, or who permits to be operated in or on his place of business, any coin operated music or amusement device shall pay for such privilege an annual license tax as follows: "(a) For each coin operated radio or television receiving set in a hotel, motel, or tourist cabin, Three Dollars ($3.00); "(b) For each coin operated music or amusement device that may be operated by penny coins only, Six Dollars ($6.00); "(c) For each coin operated music or amusement device other than those specified in (a) and (b), Forty Dollars ($40.00) " (Emphasis added) The Oklahoma Statutes at 80 O.S. 4 [80-4] ceded the territory of military reservations to the United States and also reserved certain rights in the language of the provisions as follows: "Exclusive jurisdiction be, and the same is hereby ceded to the United States over all the territory now owned by the United States and comprised within the limits of the military reservation of Ft. Sill, in Comanche County, and Ft. Reno, in Canadian County, as decided from time to time by the President of the United States, and over such lands as may hereafter be acquired for the enlargement of said reservation; the right to serve civil or criminal process within said reservation since suits or prosecutions for or on account of rights acquired, obligations incurred, or crimes committed in said state but outside of such sessions and reservations; provided, further, that the State of Oklahoma reserves the right to tax railroad companies and other corporations and their franchises and property on said reservations; and provided, further, that the jurisdiction herein ceded shall continue no longer than the United States shall own or hold said reservations for military purposes." (Emphasis added) 68 O.S. 1503 [68-1503] (1971), classifies the tax levied as annual license tax. Your attention is directed to the fact that this is a privilege or license tax and does not come within the category of any of the taxes which the State is specifically privileged to charge and collect on military or other federal reservations over which exclusive jurisdiction has been ceded by the State of Oklahoma to the United States government and over which the United States government has accepted such jurisdiction. However, it must necessarily be noted that in granting statehood to Oklahoma, no restrictions were imposed upon the state in connection with the use of preexisting military reservations, but the United States thereafter held the reservations as a proprietor, subject only to the limitation that the United States should remain unhampered in the use to which it was devoting its property. Ottinger Brothers v. Clark, 191 Okl. 488, 131 P.2d 94 (1942), McDonald and Murphy v. Lunday, 191 Okl. 611, 132 P.2d 322
(1943). In view of the factual situation herein involved, it appears quite obvious that the Oklahoma Tax Commission in levying the coin operated devices tax is neither levying a tax upon property or a military reservation for which no reservation was made, nor is it hampering the use to which the United States has devoted its property. The tax levied by Section 1503 is directed toward exacting a license fee from "private persons" who own, operate, and make available to any of the public coin operated music and amusement devices. It seems apparent that the use of the word "public" is for the purpose of making a distinction between those persons who operate such devices for a profit as a part of their normal business operations and thus persons who have said devices within their own homes as merely sources of entertainment. The taxes herein involved are not discriminatory, the companies in question are "private persons" who seek immunity for their privilege of doing business because they engaged in operations under a government contract. The functions they perform in operating the machines are hardly more governmental in character than those performed by many other contractors with the government. Oklahoma Tax Commission v. Texas Company, 69 S.Ct. 561 (1949). In the instant case, there is no stated immunity created by Congress in the exercise of its constitutional power which would grant an immunity to a "private person" from the exaction of an annual license tax, nor does the contractual relationship between the parties imply that an immunity has arisen from our constitutional system of dual (federal and state) government. Oklahoma Tax Commission v. Texas Company, supra. There being no stated immunity created by Congress, no implied constitutional immunity from local taxation is to be given to private persons for their ordinary business operations, even though they are performed in connection with governmental activities. Southeastern, Inc. v. Oklahoma Tax Commission, 351 P.2d 739
(1960). It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Companies operating coin operated music and amusement devices located on a federal military reservation, are subject to license tax pursuant to 68 O.S. 1503 [68-1503] (1971). (DAVID K. McCURDY) (ksg)