CHICAGO, R. I. & P. R. CO.
v.
UNITED STATES.
Civ. No. P-1272.

United States District Court
S. D. Illinois, N. D.
June 23, 1954.

Milton V. Thompson, Chicago, Ill., Thomas P. Sinnett and J. Hays Britton, Rock Island, Ill., for plaintiff.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., for the Government.

ADAIR, District Judge.

This action having been tried by the court without a jury, the court hereby makes the following findings of fact and conclusions of law.

### Findings of Fact.

■ 1. That the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and engaged in the common carriage by rail of freight, passengers and mail in and between various states of the United States, including the State of Illinois and the State of Iowa.

2. That on the first day of January, A.D. 1948, the plaintiff succeeded to the rights and obligations theretofore held by and enforceable against Joseph B. Fleming and Aaron Colnon, as Trustees of the Estate of the Chicago, Rock Island, and Pacific Railway Co., a corporation, by order of the District Court of the United States, sitting in and for the Northern District of Illinois the Eastern Division, said order being entered by the Court on December 30, 1947, in the matter of the Chicago, Rock Island and Pacific Railway Company, debtor, No. 53–209 on the docket of said Court.

3. That on the 24th day of September, A.D. 1946, at approximately 1:45 o'clock p. m. in the City of East Moline, County of Rock Island, and State of Illinois, one Joseph Emerick, an employee of the plaintiff, while acting within the scope of his employment as a sectionhand and while standing near the passenger depot in said City of East Moline, Illinois, was injured when struck by a mail bag thrown from a westbound mail car attached to a train of the plaintiff, by one C. W. Baird, an employee of the defendant, who was then and there acting within the scope of his employment as a railway postal clerk.

4. That at said time and place, the plaintiff and its employee, Joseph Emerick, were in the exercise of due care and caution in their behalf.

5. That at said time and place, the defendant, by and through its employee, C. W. Baird, was guilty of negligence in throwing a heavy mail bag from a fast moving train onto the station platform where plaintiff's employee, Joseph Emerick, was standing, in violation of the rules and regulations of both the United States Postal Department and the Railway Company.

6. That the negligence of the defendant, by and through its employee, C. W. Baird, was the active, direct, proximate and primary cause of the injury to plaintiff's employee, Joseph Emerick.

7. That the plaintiff and its employee were then and there engaged in interstate commerce and that the plaintiff was placed under a secondary legal liability to its employee, Joseph Emerick, for the injury by him sustained.

8. That thereafter the plaintiff's employee, Joseph Emerick, presented his claim to and against the plaintiff, which the plaintiff compromised, adjusted, settled, and discharged on June 17, 1949, by paying to the said employee, Joseph Emerick, the sum of $5,157 while the plaintiff was still under a secondary legal liability to its said employee, Joseph Emerick, for the injury by him sustained.

9. That the sum so paid was a just and reasonable amount for the compensation of the injury so sustained and that the payment of said sum was made in good faith and for the purpose of discharging the secondary legal liability of the plaintiff to its said employee, Joseph Emerick.

10. That the plaintiff also necessarily expended the further sum of $225.55 for doctor, hospital, medical and ambulance costs on behalf of its employee, Joseph Emerick, on account of the injury by him so sustained.

11. That the plaintiff was, on June 17, 1949, damaged by loss of property and money in discharging a secondary liabili-

ty incurred by reason of the primary and active negligent act of an employee of the defendant, United States of America, while acting within the scope of his employment under circumstances where the Government, if a private person, would be liable to the plaintiff.

12. That on November 4, 1946, the plaintiff made a due and timely request and demand of the defendant that the said secondary legal liability of plaintiff to its employee, Joseph Emerick, be discharged by defendant and that plaintiff be reimbursed for expenses incurred and to accrue as a result of the defendant's active and primary negligence in the premises, but that the defendant wholly failed, neglected and refused so to do, and that thereupon, the plaintiff, on the 6th day of June, A.D.1951, instituted this cause of action by filing its complaint in the United States District Court for the Southern District of Illinois, Northern Division, sitting at Peoria, Illinois, asking, among other things, that it be reimbursed and indemnified for the loss of property so sustained.

Conclusions of Law.

1. That the Court has jurisdiction of the subject matter of this cause and of the parties hereto by reason of the provisions of Title 28, § 1346(b), U.S. C.A.

2. That under the law of the State of Illinois, a civil action for money damages for loss of property accrued to the plaintiff on June 17, 1949, when the plaintiff discharged a secondary legal liability to its employee, Joseph Emerick, for an injury incurred solely as the proximate result of the primary, active negligent act of an employee of the Government of the United States of America, while acting within the scope of his employment.

3. That the defendant, the Government of the United States of America, if a private person, would on June 17, 1949, have become liable to the plaintiff for money damages in accordance with the law of the State of Illinois where the negligent act of the Government's employee occurred.

4. That the plaintiff, on June 17, 1949, sustained damages in the sum of $5,382.-55.

5. That the defendant, the United States of America, is liable to the plaintiff in the sum of $5,382.55 and costs of suit.

Judgment.

In consideration of the foregoing Findings of Fact and Conclusions of Law, it is ordered and adjudged by the Court that the defendant, the United States of America, is liable to the plaintiff, The Chicago, Rock Island and Pacific Railway Company, a corporation, in the sum of $5,382.55, and the costs of suit.

Let judgment be entered accordingly.