THE CHICAGO, ROCK ISLAND AND
PACIFIC RAILWAY COMPANY, a
Corp., Plaintiff-Appellee,

v.

THE UNITED STATES of America,
Defendant-Appellant.

No. 11282.

United States Court of Appeals
Seventh Circuit.

May 3, 1955.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Richard M. Markus, Attys., U. S. Dept. of Justice, Washington, D. C., John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., for appellant.

Thomas P. Sinnett, Dale Ferguson, Rock Island, Ill., Thomas I. Megan, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

This action was brought by the plaintiff Railway Company against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover payments made by plaintiff to Joseph Emerick, one of its employees, who was injured through the alleged negligence of an employee of the defendant. Plaintiff characterizes the action as one for indemnity.

Plaintiff's employee Emerick was struck by a mail pouch thrown from a postal car of a passing train, while standing on the railway station platform at East Moline, Illinois, for the purpose of inspecting the wheels of plaintiff's train. As a result of the accident, which occurred on September 24, 1946, Emerick sustained serious injuries. On November 4, 1946, plaintiff notified the defendant to the effect that the injury was the result of the negligence of defendant's employee, requesting that it assume liability. Defendant acknowledged receipt of the notice but denied liability. Because of the injury sustained, Emerick was unable to return to his employment for almost two years. In response to his demand, plaintiff, on June 17, 1949, made settlement of his claim by payment of the amount of $5,382.55, which included only damages for loss of time and an amount which plaintiff had advanced for medical services. The District Court made findings of fact, entered its conclusions of law and judgment in favor of plaintiff, 122 F.Supp. 368, from which defendant appeals.

The government, characterizing the action as one for quasi-contractual indemnity, argues that it has not consented to be sued but, even so, that the payments made by plaintiff to its employee were made voluntarily, without liability on the part of plaintiff, and it is, therefore, not entitled to be indemnified. The further contention is advanced that the action is barred under the limitation provision applicable to claims under the Tort Claims Act. The government makes a refined and technical argument in its attempt to distinguish between the rights of a subrogee, joint tort-feasor and indemnitee to recover under that Act. We need not attempt to follow this discussion because any merit which it might once have possessed is now water over the dam in view of numerous cases which have held adversely to the government's contention. Evidently the government makes the argument for the purpose of attempting to escape the decisions of the

Supreme Court in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, in which it was held that a claim for subrogation was maintainable under the Federal Tort Claims Act, and in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, in which it was held that a claim by a joint tort-feasor was maintainable under the Act. In the latter case, the court, in response to the government's argument that it had not consented to be sued, after quoting the pertinent provision of the Act, stated, 340 U.S. at page 548, 71 S.Ct. at page 403:

"The words 'any claim against the United States * * * on account of personal injury' (emphasis supplied) are broad words in common usage. They are not words of art. Section 421 lists 12 classes of claims to which the waiver shall not apply, but claims for contribution are not so listed."

It might be added that a claim for indemnification is likewise not listed as one to which the waiver should not apply.

■ In our view, these two decisions of the Supreme Court would require a holding adverse to the government on its contention that it has not consented to be sued in an action for indemnification growing out of a tort liability. At any rate, there appears to be no logical basis to make a distinction between the right of a joint tort-feasor to recover in part and the right of an indemnitee to recover all.

We need not be too much concerned, however, as to whether the cited cases of the Supreme Court are by analogy controlling here because of the great weight of authority adverse to the government's contention, under facts quite similar to those here. St. Louis-San Francisco Ry. Co. v. United States, 5 Cir., 187 F.2d 925; Terminal R. Ass'n, of St. Louis v. United States, 8 Cir., 182 F.2d 149; United States v. Chicago, R. I. & P. Ry. Co., 10 Cir., 171 F.2d 377. In all these cases

it was held or recognized that the plaintiff railroad was entitled to maintain suit against the government to recover money which it had paid an employee for damages sustained as a result of negligence by the government. These cases also are generally to the effect that it is immaterial how the action be labeled.

■ The government contends that the findings of fact as made by the District Court [122 F.Supp. 369] are such as to preclude recovery, and particularly its finding, "That at said time and place, the plaintiff and its employee, Joseph Emerick, were in the exercise of due care and caution in their behalf." Predicated upon this finding, it is argued that there could have been no recovery by the employee against plaintiff under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and that any payment made by plaintiff to the employee was voluntarily made and was nothing more than a gratuity. The court also found, however, that the negligence of the government's employee "was the active, direct, proximate and primary cause of the injury to plaintiff's employee," and that "the payment of said sum was made in good faith and for the purpose of discharging the secondary legal liability of the plaintiff to its said employee."

We think this contention is also without merit. It does not follow from the finding here that plaintiff and its employee "were in the exercise of due care and caution in their behalf" that a similar finding would have been made by the triers of fact in an action by the employee against the plaintiff. Plaintiff at the time it made settlement with the employee did not have the benefit of such a finding. It was required at that time to use its foresight rather than its hindsight in evaluating the situation relative to its probable liability. Taking into consideration that which we all know, that is, the almost insurmountable difficulties attending the defense by a railroad in an action for damages under the Federal Employers' Liability Act, it cannot be said that plaintiff made other than a fair and reasonable settlement of its potential liability. To have resisted settlement to the point of a jury verdict would have been sheer folly under the circumstances.

In both St. Louis-San Francisco Ry. Co. v. United States, supra, and United States v. Chicago, R. I. & P. Ry. Co., supra, the suits against the government were for the recovery of damages paid to the injured employees by compromise and settlement. In the latter case, the court sustained a judgment for the plaintiff upon findings quite similar to those here. As the court pointed out, 171 F.2d at page 379, the injuries were sustained as the result of the negligence of a government employee, the railway company and its employees were not negligent, the injury was the sole and proximate result of the negligence of the government's employee and the amount paid by the railway to its employee was reasonable. In Terminal R. Ass'n of St. Louis v. United States, supra, the court stated, 182 F.2d at page 151, that the obligation was "on the principal wrongdoer to reimburse the person secondarily liable for what the latter has been compelled to pay."

Defendant's argument that the finding of no negligence on the part of plaintiff precludes recovery against the government for the amount which plaintiff paid its employee in settlement has also been answered adversely to its contention in Gulf, Mobile and Ohio Railroad Co. v. Arthur Dixon Transfer Co., 343 Ill.App. 148, 98 N.E.2d 783. The court there, after a review of many cases, both State and Federal, stated, 343 Ill.App. at page 156, 98 N.E.2d at page 787:

"Thus in these decisions the courts say plaintiff (indemnitee) was without fault or that he was only technically negligent even though the liability was based on legal negligence. What is meant is that plaintiff by act of defendant was made liable for failing to discharge a responsibility even though he, plaintiff, was not guilty of any

active negligence. In the instant case plaintiff has alleged in its complaint that it was not negligent and defendant says that if it were not negligent, then it was only a volunteer when it made payment to the injured switchman."

The court concluded that the indemnitee's complaint stated a good cause of action notwithstanding the allegation "that it was not negligent."

The statute as amended, 28 U.S.C.A. § 2401(b), provides, "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." The government contends that plaintiff's suit in any event was barred by the limitation period thus prescribed; in fact, this appears to have been the sole defense relied upon in the court below. As already noted, the employee's injuries were sustained September 24, 1946, and the period allowed for bringing suit under the Federal Employers' Liability Act would have expired three years thereafter, i. e., September 24, 1949. Plaintiff made settlement with the employee June 17, 1949, and commenced the instant action April 16, 1951. Thus, the suit was commenced within two years after plaintiff settled with and made payment to its employee but some four and one-half years after the employee's injuries were sustained. The question is whether the two-year limitation period commenced to run on the date payment was made by plaintiff or on the date the injuries were sustained.

In Terminal R. Ass'n of St. Louis v. United States, supra, the court stated, 182 F.2d at page 151, "We have no doubt that the appellant's claim for indemnity accrued on April 2, 1948, when the appellant settled with Fitzjohn * * *." We agree with this view, notwithstanding a rather impressive argument made by the government, based upon the legislative history of the Act, that Congress intentionally fixed a short limitation period so that the government might be afforded an opportunity to investigate promptly claims made against it. At the same time, Congress fixed the date when the limitation period commences to run as the time "such claim accrues." It is plain, of course, that no claim accrued to the plaintiff against the government prior to the date when the former made payment to its employee. The government's contention on this point, if sustained, would mean that a suit under the Tort Claims Act could be barred before it came into existence. Such an application of the limitation provision would produce an incongruity which we think should not be made.

The judgment appealed from is

Affirmed.