Harold LILLEBERG, Plaintiff,

v.

PACIFIC FAR EAST LINE, INC., a corporation, Defendant.

PACIFIC FAR EAST LINE, INC., a corporation, Defendant and Third Party Plaintiff,

v.

MUTUAL TERMINALS, INC., a corporation, Third Party Defendant.

No. 35855.

United States District Court
N. D. California, S. D.

Oct. 28, 1958.

Dorr Cooper & Hays, San Francisco, Cal., by C. W. Kenady, Jr., San Francisco, Cal., for third party plaintiff.

John H. Black, San Francisco, Cal., by Henry W. Schaldach, San Francisco, Cal., for third party defendant.

HARRIS, District Judge.

Pacific Far East Line, Inc. (hereafter called PFE), defendant, seeks indemnity against Mutual Terminals, Inc. (hereafter called Mutual), for breach of a written contract between the parties under which Mutual warranted it would perform its stevedoring duties in an efficient and proper manner.

The action arises on a third-party complaint filed by PFE against Mutual. By stipulation contained in this court's pre-trial order, PFE settled its potential liability with plaintiff Lilleberg in his damage action. The reasonableness of the amount is not disputed.

The facts of the accident under which the instant action arose are as follows: Mutual employees were working aboard a PFE vessel at a San Francisco pier on a cargo loading operation. When plaintiff's gang boarded the ship, the deck on which they were to work was littered with pontoons, tarps, dunnage, etc., from the previous shift of Mutual stevedores. Despite complaints made by the new gang to their supervisors, nothing was done by the stevedores to make the deck safe.

After midnight when a Mutual winch driver was attempting to take dunnage across the littered deck, the bundle became caught. Without examining his surroundings or observing the position of workers, the driver broke the load loose in such a manner as to cause it to swing out and strike plaintiff. The blow drove him to his knee and caused the injury for which he brought the instant action. The evidence fails to disclose any defect in ship equipment which might have caused the accident.

PFE contends that these facts establish a breach of warranty of careful workmanship on the part of Mutual. They present a situation comparable to that which was before the Supreme Court in Ryan Stevedoring Company v. Pan-Atlantic S. S. Corporation, 350 U.S. 124, 76 S.Ct. 232, 235, 100 L.Ed. 133, in which case the stevedoring firm was held liable under an implied agreement of indemnity arising out of the negligence of the firm in conducting its operations. The stevedoring company had failed to stow rolls of paper in a proper manner and plaintiff was injured during the unloading work.

In the third party suit brought against the stevedoring company on its contract, the court stated: "It is not an action by or on behalf of the employee and it is not one to recover damages 'on account of' an employee's 'injury or death.' It is a simple action to recover, under a voluntary and self-sufficient contract, a sum measured by foreseeable damages occasioned to the shipowner by the injury or death of a longshoreman on its ship."

This decision was followed by the Ninth Circuit in American President Lines v. Marine Terminals Corporation, 234 F.2d 753. In this case the ship's officer directed the stevedores to remove strongbacks with defective locks in order to avoid injury to the men who were to use them. The stevedores ignored the directive and one of their number suffered injuries when a strongback was dislodged. Since the stevedores' breach of duty created the danger, there was an active condition leading to the personal injury to the plaintiff. The shipowner was entitled to indemnity for a breach of an implied contractual obligation by the stevedoring company to perform its services in a workmanlike manner.

In the case at bar the unseaworthy deck was blocked by materials placed there by Mutual employees who thus breached the warranty of proceeding in a careful and efficient manner. The danger was apparent to Mutual and was reported to its supervisor by the longshoremen when they began work on the shift during which Lilleberg was injured.

The settlement which was approved by this court upon stipulation as to the reasonableness of the amount is a proper basis for the present action for indemnification. The evidence indicates that PFE was liable to Lilleberg and that the settlement was a proper one. Thus, the indemnification by Mutual must follow from the facts which establish that stevedores were responsible for the condition which led to the unseaworthiness of the vessel.

Even in the absence of possible liability on the part of PFE, indemnification is the appropriate remedy where settlement follows a potential liability and the amount of the settlement is reasonable. Chicago Rock Island & Pacific Railway Co. v. United States, 7 Cir., 220 F.2d 939. In this case the government sought to avoid indemnification of the railroad which had paid for injuries sustained by its employee when he was injured by a mail pouch thrown from a postal car of a passing train to the station platform. The government contended there could have been no recovery against the railroad. The court rejected this defense against indemnification. The court stated: "Plaintiff at the time it made settlement with the employee did not have the benefit of  *  *  *  a finding (that the railroad was in the exercise of care). It was required at that time to use its foresight rather than its hindsight in evaluating the situation relative to its probable liability.  *  *  *  To have resisted settlement to the point of a jury verdict would have been sheer folly under the circumstances." 220 F.2d at page 941.

PFE acted in a proper manner in settling with Lilleberg under a court approved stipulation. It is entitled to indemnification in the amount prayed.

Accordingly, It Is Ordered that judgment be entered in favor of Pacific Far East Lines, Inc. in the amount of $3,000, together with reasonable attorney's fees and costs, upon preparation of findings of fact, conclusions of law and judgment.