CALIFORNIA STEVEDORE & BALLAST CO., a corporation, and Yerba Buena Corporation, a corporation, Appellants,

v.

PAN–ATLANTIC STEAMSHIP CORPORATION, a corporation, Appellee.

No. 16982.

United States Court of Appeals
Ninth Circuit.

May 24, 1961.

John H. Black and Henry W. Schaldach, San Francisco, Cal., for appellants.

Graham, James & Rolph and Francis L. Tetreault, San Francisco, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

This action is for a tort occurring upon the navigable waters of the United States. Thus the Admiralty jurisdiction of the United States courts is invoked. 28 U.S.C. § 1333. A final decree having

been rendered below, this court has jurisdiction over the appeal. 28 U.S.C. § 1291.

On December 3, 1956, Frank Sannella, an employee of appellant Yerba Buena Corporation, was injured while on board the S.S. Fairland docked at Stockton, California. Sannella's employer was, at the time, stevedoring the vessel. Within a year after the injury, Sannella filed suit in the United States District Court, Northern District of California, against Waterman Steamship Company and several Does. Waterman Steamship Company filed an answer denying ownership of the vessel. The action against the Does was later dismissed. Fireman's Fund Insurance Company, compensation underwriters for the stevedore, Yerba Buena Corporation, filed a motion to intervene in order to recoup compensation and medical expenses paid in behalf of Sannella out of any judgment in favor of Sannella. This motion to intervene was granted.

On or about January 30, 1959, Sannella's attorneys learned that the S.S. Fairland's owner was Pan-Atlantic Steamship Corporation and not the then defendant, Waterman S.S. Company. Pan-Atlantic determined to settle with Sannella for the sum of $7,000, and so advised appellants' attorneys. Because the latter declined to waive any portion of the lien of the compensation carrier, amounting to $3,584.93, counsel for appellee tendered the defense of the action to appellants. Thereafter, the compensation carrier agreed to cut its demand to about $2,000, and Pan-Atlantic went ahead with the settlement. They asked the stevedoring companies to approve of the reasonableness of the settlement, but received no response to this request for comment. At that time the stevedoring companies could have obtained any information they thought necessary with respect to liability. Pan-Atlantic then concluded the settlement, advising counsel for appellants. After concluding the settlement with Sannella, Pan-Atlantic sued Yerba Buena Corporation and California Stevedore & Ballast Co. California

Stevedore & Ballast Co. was joined because Yerba Buena had performed the stevedoring services involved under a contract with California Stevedore. Judgment for $7,000 was entered in favor of Pan-Atlantic. This appeal followed.

### I.

Appellants argue first that appellee was a volunteer in settling with Sannella. They point out that Sannella had never filed suit against Pan-Atlantic and had not even moved to set aside the order dismissing the fictitious defendants in the action against Waterman S.S. Company. And an independent action against Pan-Atlantic, appellants contend, would probably have been barred by laches. California Code of Civil Procedure, § 340, providing a one year statute of limitations in tort actions, would, appellants assert, be a fair measure of the promptness with which Sannella was required to act.

Appellee admits that Sannella would be confronted by obstacles in any attempt to reinstate the fictitious defendants in the original action (Molnar v. National Broadcasting Co., 9 Cir., 1956, 231 F.2d 684). But the rules regarding Doe practice in federal court are not crystal clear (Scurlock v. American President Lines, D.C.N.D.Cal.1958, 162 F.Supp. 78), and it is not certain that Sannella would have been unsuccessful in a motion to set aside the order dismissing the Does, since he could have made such motion within the one year limit established by the Federal Rules of Civil Procedure, Rule 60(b) (1), (2) and (3), 28 U.S.C.A.

Appellee agrees with appellants that in applying laches, an Admiralty court will be guided by the analogous state statute of limitations. But appellee correctly notes that the statute of limitations is not an iron rule; the question presented by a defense of laches is addressed to the discretion of the trial court which may consider "the peculiar equitable circumstances" of the case (Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 387). Thus, while appellee had defenses to any action which Sannella

might bring, it is by no means clear that such defenses would have been successful. Thus there were disputed legal positions in existence, and appellee did not act as a volunteer in settling with Sannella.

## II.

■ Appellants next urge that appellee failed to establish its own liability to Sannella and that consequently it cannot seek recovery on its contract of indemnity. The assertion that appellee was not liable because of Sannella's laches has already been disposed of. Additionally, appellants assert in almost the same breath, two diametrically opposed positions. The evidence establishes, they contend, that appellee's vessel was not unseaworthy, and therefore appellee could not have been legally liable for Sannella's injury. After attacking as inadmissible hearsay some of the evidence upon which a finding of unseaworthiness could be based, appellants assert that "any alleged failure which may have caused the accident to Sannella was caused by the defective equipment of appellee's vessel * * *." Such cause, appellants point out, does not come within the indemnity contract, which provides indemnification only when the stevedore is itself negligent.

Appellants' inconsistent positions tend to establish the elements necessary to support appellee's recovery. In order to recover, appellee must first show that it had some sort of liability to Sannella. Appellants, relying upon the unofficially reported case of McAndrews v. United States Lines Company, 1959, A.M.C. 1575, contend that appellee's liability must be an *actual* one; the ship owner must establish its own negligence or the unseaworthiness of its vessel. Another view, propounded by appellee and supported by recent and strong authority, is that the indemnitee need show only a *potential* liability; the indemnitee need not resist settlement to the point of a jury verdict, the amount of which might greatly exceed a reasonable settlement. (Lilleberg v. Pacific Far East Line, Inc., D.C.N.D.Cal. 1958, 167 F.Supp. 3, relying upon Chicago Rock Island & Pacific Railway Co. v. United States, 7 Cir., 1955, 220 F.2d 939.) Such potential liability certainly existed in the instant case, where a longshoreman was injured by a roller beam which might have fallen because of improper maintenance. That such improper maintenance may have existed was implicit in the testimony contained in the assertedly inadmissible statement of Fate Thompson. We do not think that the admission of the signed statement, on the issue of potential liability, was reversible error in this judge tried case. The deposition was not necessary to sustain a finding of "potential liability." It is thus established that the injury to Sannella may have been caused in part, as appellants themselves contend it was, by the unseaworthiness of appellee's ship. Appellee has shown its potential liability.

Having established such potential liability, appellee need establish further only that Yerba Buena Corporation's negligent conduct *contributed* to Sannella's injury. The very depositions relied upon by appellants to establish the seaworthiness of the vessel contain evidence that Yerba Buena Corporation's employees negligently moved the starboard end of the rolling beam so far ahead of the port end that the starboard end untracked. See Libellant's Exhibit 16, Deposition of Second Mate Donald C. Uht, of S. S. Fairland, p. 6, l. 12 to p. 7, l. 6; and Exhibit 15, Deposition of Jackson Perry Everett, Chief Officer of S. S. Fairland, p. 36, l. 21 to p. 37, l. 19. Such evidence, of course, supports the trial court's finding (XIII, R. 42) that Yerba Buena Corporation's negligence contributed to the accident. And it exists in the case irrespective of the assertedly hearsay statement of Fate Thompson. Further, the stevedoring companies introduced no evidence to establish their lack of negligence, although they had the opportunity to do so in the indemnity action.

Thus, appellee, in settling with Sannella was not a volunteer; furthermore, it has established positively that it had a potential liability to Sannella and that appellants were liable over under the ex-

press terms of their contract of indemnity.

### III.

Appellants next claim that the $7,000 settlement was not shown to be reasonable. This assertion is without merit. Sannella suffered a permanent disability, described as a permanent fifteen per cent loss of use of the right leg. In addition Sannella could probably have shown loss of earnings in excess of $5,500 through 1958. See Record, pp. 32–33.

### IV.

In view of the foregoing the last point of controversy should not alter the result. The court held that Yerba Buena is estopped from claiming that any part of the $7,000 settlement was a voluntary payment by Pan-Atlantic. Such estoppel is based upon the fact that appellants' underwriters, Fireman's Fund, participated in the suit and the settlement in order to recover a portion of the medical expenses paid in Sannella's behalf. Appellants point out, however, that they and their subrogee, Fireman's Fund, had no claim against appellee, and hence no direct interest in any settlement with appellee. Their only claim for reimbursement of medical expenses was against their employee, Sannella. Appellee does not dispute this proposition, as a general rule, but contends that the situation is altered because Sannella had agreed with appellee to accept $5,000 net in settlement. Thus, appellee suggests, "liens" asserted by appellants' underwriters represented additional amounts to be paid by appellee in settlement of Sannella's claim. But this is beside the point, if, legally, Fireman's Fund had a right to recover and did recover only from Sannella and not from appellee. The basis for an estoppel against appellants has not, then, been clearly established. While this was principally relied upon by the trial court in its Memorandum and Decision, the Findings and Conclusions thereafter made are what this court must look to and rely upon. Ohlinger v. United States, 9 Cir., 1955, 219 F.2d 310.

Any error which the trial court may have made with respect to the estoppel issue does not alter the result. Appellee made a reasonable settlement of a definite potential liability, and the findings upon which appellants' liability under their indemnity contract is predicated are not clearly erroneous.

We affirm the decision below.