MURPHY PACIFIC CORPORATION, Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant.

Civ. A. No. 9123.

United States District Court, W. D. Washington, at Seattle.

Sept. 13, 1971.

James M. Lindsey, Jr., Merrick, Hofstedt, Schumm, & Lindsey, Seattle, Wash., for plaintiff.

Joseph J. Lanza, Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for defendant.

## OPINION

BEEKS, District Judge.

This case was submitted for decision upon the agreed facts and exhibits set forth and described in the pretrial order on file herein.

Both parties were subcontractors of Howard S. Wright Construction Company (Wright), general contractor for the construction of the Seattle-First National Bank Building. Defendant Westinghouse Electric Corporation (Westinghouse) agreed to indemnify Wright from claims arising out of its performance of its subcontract, and plaintiff Murphy Pacific Corporation (Murphy) agreed to indemnify Wright from claims arising out of its negligent acts. Karnatz, an employee of Westinghouse, was severely injured by a fall after having been struck on the head by a two-by-four which had been dislodged several stories above by an employee of Murphy. A suit brought in state court by Karnatz against Wright and Murphy was settled by Murphy, who took a release of Karnatz's claim against Wright and Murphy and filed this action. Murphy predicates recovery on two theories: equitable contribution, or, in the alternative, subrogation, which will be considered in reverse order.

Murphy asks to be subrogated to the position of Wright in order to enforce the Wright-Westinghouse indemnity agreement. However, there is no evidence from which this Court can find liability or potential liability [1] of Wright to Karnatz, and the court will not spin inferences from slender threads of surmise and conjecture. Therefore, even if this court were to put Murphy in Wright's shoes, there would be no obligation of Westinghouse to indemnify. Murphy's contention that it should be subrogated to Wright's claim must fail.

One additional point should be made. If the Court had found Wright liable to Karnatz and had held that both Westinghouse and Murphy were bound to indemnify Wright, it would have been confronted with the difficult task of dividing the damages in some equitable manner, a task made all the more difficult by the silence of the Murphy-Wright contract as to the division of damages where *both parties* were negligent. It has been suggested that, as a joint tortfeasor and indemnitee of Murphy, Wright's just share of the settlement costs should be 50% of the amount paid. Murphy argues, therefore, that since Murphy and Westinghouse are co-indemnitors of Wright they should divide equally that portion of the settlement costs allocable to Wright. That would result in Murphy paying 75%, and Westinghouse 25%. While this may be an imaginative proposal, innovation is no substitute for equity. This court would be more disposed to apply the doctrine of comparative negligence. United States v. Seckinger, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). However, there is nothing in the record from which the quantum of fault, indeed, whether any fault at all, could be attributed to Wright.

Murphy also seeks contribution, basically on the theory that it has paid in full a debt jointly owed by Murphy

---

1. The court will assume that Washington law requires only proof of potential, rather than actual, liability, as in California

Stevedore & Ballast Co. et al. v. Pan-Atlantic Steamship Corp., 291 F.2d 252, 254 (9 Cir., 1961).

and Westinghouse to Wright, *i. e.*, an obligation of co-indemnitors. Murphy draws an analogy to cases in which one insurer is required to contribute to a co-insurer who has paid a claim based on the occurrence of a risk insured by both parties. This theory is defeated for the same reasons which undermined Murphy's claim for subrogation. Since Wright had no liability to Karnatz, there could be no joint debt owed by Murphy and Westinghouse to Wright. Even if such a debt were assumed to have existed, no equitable method has been suggested to this court for the division of damages. Furthermore, even if the foregoing objections were met, the equitable doctrine of contribution cannot be invoked by Murphy, a negligent indemnitor, as against Westinghouse, an innocent indemnitor. Murphy would still be "barred by the wrongful nature of his conduct." Rest.Restitution 360, § 81 (1937).

Murphy's additional contentions fail because it was, at all times material an active tortfeasor.

Accordingly, the action will be dismissed, with costs to defendant. Defendant's counsel is directed to prepare findings of fact, conclusions of law, and decree in accordance herewith.