MARITIME OVERSEAS
CORPORATION,
Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 77-2956.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1979.

Frederic D. Cohen, Dept. of Justice, Washington, D. C., on brief for defendant-appellant.

Scott T. Pratt, Long Beach, Cal. (argued), for plaintiff-appellee.

Before BROWNING, CHOY, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

The Government appeals from a judgment in favor of Maritime Overseas Corporation ["Maritime"] holding the Government liable as an indemnitor for a wrongful death action brought against Maritime by the survivors of one of its seaman employees. Liability in the indemnity action, as in the underlying wrongful death claim, was based on the alleged negligent treatment afforded the employee by Navy doctors prior to his death.

The pivotal question in this case is whether the Government acted negligently, and, if so, whether that negligence was the proximate cause of the injuries suffered by Maritime's employee.[1] Maritime, as would-be indemnitee, must establish the Govern-

1. We need not now consider the scope of the United States' duty under its implied contract with Maritime.

ment's negligence as a condition of its own recovery. *California Stevedore & Ballast Co. v. Pan-Atlantic Steamship Corp.*, 291 F.2d 252 (9th Cir. 1961); *see Garrett v. United States Lines, Inc.*, 574 F.2d 997 (9th Cir. 1978). The showing a claimant of indemnity must make with respect to the potential indemnitor's liability must be distinguished from the showing required of the claimant with respect to its own liability to the injured third party. *See California Stevedore & Ballast Co. v. Pan-Atlantic Steamship Corp., supra; Parfait v. Jahncke Service Inc.*, 484 F.2d 296 (5th Cir. 1973), *cert. denied, Home Indem. Co. v. Ruppel; Ruppel v. Travelers Indem. Co.*, 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974). The trial court appeared to proceed on the assumption that the only issue was whether there was a colorable claim made against Maritime, on which it had tendered the defense to the Government. Although that showing was sufficient to demonstrate Maritime's own liability, it provided insufficient grounds for imposing liability on the Government as an indemnitor. The Government is entitled to try the question of its own fault.

The case is REMANDED for further proceedings.