94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Vargas AGUILAR, Defendant-Appellant.
 No. 95-50527.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Aug. 16, 1996.
 
 Before: REINHARDT, HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Jorge Vargas-Aguilar appeals his conviction for importation of marijuana, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 960 and 21 U.S.C. § 841(a)(1). We affirm.
 
 I.
 
 3
 Appellant argues that the court abused its discretion by reopening the trial following a five-day recess in trial and after the parties had rested their cases. In reviewing a motion to reopen, the court considers several factors, including: (1) the materiality of the evidence to the case; (2) the reason why the evidence was not presented earlier, in a more timely fashion; and (3) the likelihood that the jury would place disproportionate importance on the newly-admitted evidence. United States v. Sisack, 527 F.2d 917, 919-20 (9th Cir.1975).
 
 
 4
 Here, we find no abuse of discretion. First, the testimony offered was material. Inspector Guilin testified that the appellant believed Gordo was a marijuana dealer, that appellant thought there was something illegal in the car that he was driving, and that Grossman did not tell the defendant that he was "in deep shit." It is true that Grossman also had testified to these events, but it was not an abuse of discretion for Judge Brewster to allow Guilin's testimony. See United States v. Ives, 609 F.2d 930, 933 (9th Cir.1979).
 
 
 5
 Second, we find the government's reasons for its tardy presentation of testimony acceptable. As the trial court observed, the government's tactical errors were caused by the prosecutor's lack of experience, not because of bad faith.
 
 
 6
 Third and finally, there was little likelihood that the jury placed a disproportionate amount of weight on Guilin's testimony. The court explicitly instructed the jury that Guilin's testimony was to be accorded no more weight than that of any other witnesses. In addition, Guilin's testimony was not so powerfully incriminating that the jury may have given it undue weight.[1]
 
 
 7
 We find that the trial court's decision to reopen was based on "a consideration of relevant factors," and therefore not an abuse of discretion.
 
 II.
 
 8
 Appellant argues that the trial court abused its discretion in allowing the prosecution to question Vargas about the El Paso incident. Appellant's Rule 404(b) argument is without merit because the incident was used for impeachment, not for bad acts evidence. Rule 608(b) "specifically contemplates inquiries into prior behavior in order to challenge a witness's credibility. Evidence of prior frauds is considered probative of the witness's character for truthfulness or untruthfulness." United States v. Gay, 967 F.2d 322, 3287 (9th Cir.1992).[2]
 
 
 9
 We further find that the prosecutor's questioning of the defendant was within the scope of the cross-examination. The fact that the defense even raised the issue of crossing the border was enough to allow the prosecution's subsequent questions on cross-examination. See United States v. Vasquez, 858 F.2d 1387, 1392 (9th Cir.1988) (holding that when defendant testified on direct to leaving his apartment, on cross-examination he could be questioned about drugs found in the apartment since the question was reasonably related to the apartment); see also United States v. Arias-Villanueva, 998 F.2d 1491, 1508 (9th Cir.1993) (explaining Vasquez holding).
 
 
 10
 Because the statements went to the truthfulness of the appellant's testimony, the prosecutor's questioning was also probative. United States v. Jackson, 882 F.2d 1444, 1448 (9th Cir.1989); Fed.R.Evid. 608(b). Thus, there is nothing to suggest that the court abused its discretion in permitting the prosecutor to impeach the defendant by getting him to admit to having been turned away at the border.
 
 
 11
 Having appropriately impeached the defendant, the prosecutor was permitted to highlight this episode for the jury in his closing arguments. It is well established that prosecutors enjoy a large degree of freedom in delivering their closing arguments. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). This includes the "freedom to argue reasonable inferences based on the evidence." Id. Here, the prosecutor told the jury to "remember ... that ... [t]he Defendant lied to you." This comment was based on a reasonable inference from the defendant's testimony. Accordingly, we find the appellant's contention appears to be without merit.
 
 III.
 
 12
 Following extensive questioning of Vargas by his defense counsel regarding whether the border agents had questioned him in English or Spanish, the court interrupted: Judge Brewster questioned the relevance of this line of questioning and labelled it a "false issue." Appellant contends this was error. We disagree.
 
 
 13
 As the appellant conceded at oral argument, at trial he opted not to use a translator, listened to the trial proceedings in English, and testified in English. Defense counsel's questions were both peripheral and tangential to the defense's theory that appellant was an innocent and unknowing victim duped into transporting drugs. As Judge Brewster observed, this line of questioning did nothing more than distract the jury. We do not find that the court's comment created a climate of partiality or unfairness.
 
 
 14
 Furthermore, any harm the comments may have unintentionally caused, was cured by the jury instructions.[3] While such instructions are "not a panacea for pervasive and biased judicial action ... given the limited scope of the court's intervention ... this explanation alleviated any appearance of impartiality the judge's questioning may have conveyed." Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 710 (9th Cir.1989).
 
 CONCLUSION
 
 15
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant also claims the government's delay in filing the motion to reopen amounted to "sandbagging" the defendant, thereby prejudicing him. However, the government did informally notify the defense counsel of its intentions to move to reopen the case on Friday morning, July 21, 1995. Thus, the defense counsel had the weekend to prepare for the witness. Furthermore, Judge Brewster limited the scope of Guilin's testimony to three discrete subjects, thereby obviating any surprise and allowing defense counsel adequate time to prepare his cross-examination and closing arguments. See United States v. Ramirez, 608 F.2d 1260, 1264 (9th Cir.1979) (holding that an hour-long lunch break was a sufficient amount of time to prepare a defense after a late disclosure of new evidence). In addition, the court offered to grant appellant's request for a continuance before closing arguments, which the appellant later declined
 
 
 [2]
 Furthermore, although the prosecutor relied on the report regarding the El Paso incident, it never introduced the report into evidence
 
 
 [3]
 The specific instructions stated in relevant part:
 I want to re-emphasize that ... nothing that I do during the course of a trial is intended, and nothing should be taken by you, as any indication on my part as to how I think the case should come out.... So please don't draw any inferences from anything I may say or do. In ruling on--on evidentiary objections as they go along, I just do the best I can.... [P]lease don't draw any inferences as to how you think this case should come out based upon any conduct of mine.