**Manuel GONZALES, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COM-PANY, Defendant and Third-Party-Plaintiff**

v.

**IMPARATO STEVEDORING CORP. and Wm. Spencer & Son Corporation, Third-Party-Defendants.**

United States District Court
S. D. New York.
May 10, 1960.

DiCostanzo & Klonsky, Brooklyn, N. Y., William F. Cioffi, Brooklyn, N. Y., of counsel, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, David J. Mountan, Jr., New York City, of counsel, for defendant and third party plaintiff.

Reilly & Reilly, New York City, Peter E. DeBlasio, Brooklyn, N. Y., of counsel, for third party defendant Imparato Stevedoring Corp.

John P. Smith, New York City, John W. Fuhrman, New York City, of counsel, for third party defendant Wm. Spencer & Son Corp.

PALMIERI, District Judge.

This action was brought by the plaintiff, a longshoreman, to recover damages for personal injuries against the defendant shipowner, Pennsylvania Railroad Company. The defendant impleaded William Spencer & Son Corporation, a stevedoring company under contract with the Railroad. It was agreed that the issues raised by the third party complaint would be tried to the court following submission of the plaintiff's claim against the Railroad to the jury. After the jury rendered a verdict in favor of the defendant, the Railroad moved for judgment against Spencer for attorneys' fees incurred in defending against the plaintiff's claim. Spencer conceded the reasonableness of the amount sought but denied that it was obligated to reimburse the Railroad.

The question presented involves the proper interpretation of the indemnity agreement contained in the Railroad's

written contract with Spencer. This agreement, as part of a contract for the performance of stevedoring work, is to be construed in accordance with federal maritime principles rather than state law. See A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 2 Cir., 256 F.2d 227, appeal dismissed, 1958, 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49; Litwinowicz v. Weyerhaeuser S.S. Co., D.C.E.D.Pa.1959, 179 F.Supp. 812, 819; Amato v. United States, D.C.S.D. N.Y.1958, 167 F.Supp. 929, 937. The relevant portions of the indemnity agreement read as follows:

"Contractor shall * * * indemnify and save harmless Railroad * * * from and against any and all claims for damages * * * arising in any manner * * * in the performance by Contractor of the work * * * by reason of personal injuries * * * of any * * * person * * * who shall seek to hold Railroad * * * liable; but Contractor shall not be required to indemnify Railroad for any loss or damage arising solely from the negligence of the Railroad."

It is not disputed that the plaintiff's claim was based on an injury alleged to have been sustained while Spencer was engaged "in the performance of the work" provided for in the contract, and the jury verdict made it apparent that plaintiff's injury did not arise "solely from the negligence of the Railroad."

Under applicable precedent, the defendant's right to recover attorneys' fees does not depend upon an express undertaking by Spencer to defend actions brought against the Railroad or to bear legal expenses incurred by the Railroad. See A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., supra; Shannon v. United States, 2d Cir. 1956, 235 F.2d 457. Such an undertaking is to be implied from the general language of the indemnity clause. See generally Norris, Maritime Personal Injuries §§ 57–61 (1959). Indeed, a third party defendant stevedore has been held

responsible for payment of a defendant shipowner's attorneys' fees even in the absence of a written indemnity agreement. Lilleberg v. Pacific Far East Line, Inc., D.C.N.D.Cal.1958, 167 F.Supp. 3. Nor would it be reasonable to relieve Spencer of an obligation that would otherwise attach because the Railroad was successful in resisting plaintiff's "claim for damages." Cf. In re National Surety Co., Sup.Ct.1939, 29 N.Y.S.2d 1011, 1017 (" 'claim' connotes the assertion of a legal right, as distinguished from the recognition of that right").

The application of the defendant Railroad for judgment against the third party defendant Spencer for counsel fees is granted.

Submit form of judgment on notice.