Mrs. Ella DEANS, Administratrix of the Estate of Jasper Deans, deceased, etc., et al., Libellant,

v.

Otto KIHLSTROM and Rederi A/B Dalen, etc., et al., Respondents,

Walter C. Maher, Impleaded Respondent.

No. 7978.

United States District Court
E. D. Virginia,
Norfolk Division.

July 18, 1961.

Sidney H. Kelsey, Norfolk, Va., for libellant.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for respondents.

White, Ryan & Reynolds, Norfolk, Va., for impleaded respondent.

WALTER E. HOFFMAN, District Judge.

The sole remaining controversy rests between the impleading petitioner, Rederi A/B Dalen, and the impleaded respondent, Maher. It relates to the matter of expenses and attorney's fees. It is the typical case instituted by the estate of the deceased longshoreman against the

vessel and her owners, following which the expert stevedore was impleaded.

No attempt was made, prior to the filing of the impleading petition, to require the stevedore to take over the defense of the action. The impleading petition filed by Rederi A/B Dalen merely states:

"* * * that if any recovery be decreed against Rederi A/B Dalen, there be a decree over against Walter C. Maher, requiring him to pay the amount of such recovery to Rederi A/B Dalen, and to indemnify and exonerate the said Rederi A/B Dalen against all liability herein; and that the said Rederi A/B Dalen have such other and further relief as may be proper."

For the purpose of disposing of the question presented, the Court will assume that the request for general relief is sufficient to make an allowance of attorney's fees in a proper case. In any event, the Court would have permitted an amendment of the impleading petition when the dispute with reference to the settlement was presented.

While the libel as filed sought a recovery in the sum of $100,000 for the death of the longshoreman, it is clear that the right of recovery was limited to $25,-000 under the Virginia wrongful death statute. The case was heard on its merits on May 11, 1960, and was continued for final argument awaiting the preparation of the transcript. The matter was finally set for argument on the night of March 1, 1961. Several days prior thereto, the impleaded respondent made arrangements to pay the libellant the sum of $25,000, plus taxable costs. When proctors met with the Court on the night of March 1, 1961, an order was entered ratifying and confirming the settlement. At that time proctors for the shipowner stated that their client was entitled to attorney's fees and expenses. They have

since submitted their invoice in the sum of $5706.46, which has not been reviewed by the Court as to the reasonableness of same because of the Court's view that no recovery over for expenses and attorney's fees is allowable under the facts and circumstances of this case.

Like questions, presented in somewhat different form, have been before this Court in Fox v. The S. S. Moremacwind, D.C., 182 F.Supp. 7, affirmed without discussing the matter of attorney's fees, 4 Cir., 285 F.2d 222, and Hill v. American President Lines, D.C., 194 F.Supp. 885, 891. The authorities are reviewed in detail in the Hill case and will not be repeated. What was then said is still applicable:

"Absent a willingness to abandon the defense of the original action, and lacking a specific contractual agreement to pay expenses and attorneys' fees regardless of the outcome of the original action, this Court perceives no reason, as a matter of discretion at least, why the stevedore should now be burdened with such items of expense when the stevedore did not breach the terms of any express or implied contract, and has otherwise protected itself, as required by law, under the Longshoremen's and Harbor Workers' Compensation Act."

The shipowner here contends that it is apparent that the stevedore did breach his implied contract, for the obvious reason that he paid the maximum amount by way of settlement. This does not necessarily follow but, if true, settlements are to be encouraged and, in the absence of a willingness to abandon the defense of the original action, the right to recover over for attorney's fees and expenses must be dependent upon a recovery directing payment by the shipowner.[1]

---

1. Assume that the settlement was for a nominal sum. Should the Court proceed to determine the merits of the case to ascertain whether an impleading petitioner is entitled to recover expenses and attorney's fees? The stevedore should be encouraged to settle these cases and the possible saving of expenses and attorney's fees is an important factor.

While not expressly in point, McCall v. Overseas Tankship Corporation, 2 Cir., 222 F.2d 441, 444, touches upon the question. An action under the Jones Act, 46 U.S.C.A. § 688, was instituted against the shipowner, Overseas Tankship Corporation. In the course of being repatriated from Shanghai to New York, the airplane operated by Northwest Airlines, Inc., under contract with Overseas, crashed in Alaska causing the seaman's death. Overseas, by an appropriate third-party action, brought in Northwest Airlines. After dismissing the original action on the ground that McCall was no longer a seaman in the employ of Overseas, the court disposed of the third-party appeal as follows:

"The defendant's appeal requires but brief discussion. The first count of the third party complaint alleged the right of Overseas to be indemnified by Northwest if Overseas should be held liable to the plaintiff. Since the plaintiff was allowed no recovery, this count was properly dismissed. The second count alleged that 'following the death of said deceased' Northwest agreed with Overseas to procure an effective release of Overseas from any liability arising out of the death of said deceased, that Northwest failed to procure such release, and 'by reason thereof' Overseas is entitled to recover from Northwest any sums the plaintiff may recover against Overseas, together with all sums expended by Overseas in defense of this action and in prosecuting this action over against Northwest. The answer of Northwest denied that it made the alleged agreement to procure a release. So far as appears in the Appendices, there is no evidence that such a promise was ever made. Moreover, the third party complaint alleged no consideration for such promise. On its face the second count was insufficient and its dismissal was correct."

This is apparently the only voice of an appellate court on the right to recover over, under the indemnity theory, attorney's fees and expenses where the original action fails. Where liability is imposed by the court, the right to recover expenses and attorney's fees incurred by the indemnitee is now well settled. See the authorities collected in Hill v. American President Lines, supra. There being no express agreement to pay attorney's fees and expenses, and no contention that the shipowner was ever willing to abandon the defense of the action and permit the stevedore to take over the case, the matter of expenses and attorney's fees incurred by the shipowner must be considered as a part of the expense of doing business.