Clarence J. CASWELL, Plaintiff,

v.

KONINKLYKE NEDERLANDSCHE STOOMBOOT MAALSCHAPPY, N. V., Defendant and Third-Party Plaintiff,

v.

STRACHAN SHIPPING COMPANY, Third-Party Defendant.

Civ. A. No. 13723.

United States District Court
S. D. Texas,
Houston Division.

June 5, 1962.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney, Houston, Tex., for defendant and third-party plaintiff.

Robert Eikel and Theodore Goller, Jr., Houston, Tex., for third-party defendant.

INGRAHAM, District Judge.

Plaintiff longshoreman sued defendant shipowner for $75,000 damages for personal injury, alleging unseaworthiness of the vessel and negligence of the vessel's personnel. Defendant denied these allegations and claimed the injury resulted from a breach of warranty of workmanlike service by the stevedore, Strachan Shipping Company. On September 15, 1961, defendant shipowner, by its attorneys of record, wrote the stevedore tendering the defense of this suit to it. The stevedore refused to accept the defense, whereupon it was impleaded as a third party defendant by the shipowner. Upon trial, the jury held defendant-third party plaintiff blameless, but in answer to special interrogatories, further held that the third party defendant had failed to perform its duties in a safe and workmanlike manner in that it made improper use of the ship's loading facilities, which was the proximate cause of plaintiff's injury.

Three motions are now before the court, viz.: plaintiff's motion for new trial; defendant's motion for judgment, including recovery over against the third party defendant of costs and attorneys' fees reasonably incurred in the defense of the suit; and third party defendant's motion for judgment, including the provision that third party plaintiff take nothing from third party defendant.

Plaintiff's motion for new trial is without merit, and will be denied. The motions presented by the shipowner and the stevedore raise but one issue—whether or not a third party plaintiff is entitled to recover expenses and attorneys' fees over against a third party defendant where the third party plaintiff has successfully defended against a suit for injury for which the jury found the third party defendant solely responsible.

The law is clear that a stevedore's breach of warranty to conduct its activities in a safe and workmanlike manner, resulting in injury to a longshoreman for which the shipowner is held liable, gives rise to a right to indemnity from the stevedore. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). And, as an incident to this recovery over against the stevedore, the shipowner also may recover expenses and attorneys' fees

reasonably incurred in the defense of the action. See, e. g., Drago v. A/S Inger, 194 F.Supp. 398, 409 (D.C.E.D.N.Y. 1961); Holley v. The Manfred Stansfield, 186 F.Supp. 805, 809 (D.C.E.D.Va.1960). Thus, if here, the stevedore's breach of warranty had rendered the vessel unseaworthy, or even activated a preexisting unseaworthy condition, the longshoreman could have recovered against the shipowner who, in turn, would be entitled to indemnity from the stevedore, including costs and attorneys' fees. There appears to be no logical basis for distinguishing between a successful and an unsuccessful defense on the part of the shipowner, to the end that costs and attorneys' fees may be recovered as a normal element of indemnity in the latter—where the shipowner is held liable for the negligence of the stevedore—but not at all in the former—where the shipowner is not held liable for the negligence of the stevedore. In either instance, the shipowner is put to the time and expense of defending against an action which springs from an injury occasioned by the acts or omissions of the stevedore; in either instance, the stevedore has breached its obligation to the shipowner which has resulted in a lost to the shipowner.

On several occasions, district courts have denied recovery of attorneys' fees and costs where the shipowner was not found primarily liable to a third party for the stevedore's breach. See, e. g., Hill v. American President Lines, Ltd., 194 F.Supp. 885 (D.C.E.D.Va.1961); Nicholson Transit Co. v. Great Lakes Towing Co., 185 F.Supp. 685 (D.C.N.D. Ohio 1960); Fox v. The S.S. Moremacwind, 182 F.Supp. 7 (D.C.E.D.Va.1960). In general, these courts have held that where the shipowner successfully defends against a suit by a longshoreman, expenses and attorneys' fees are but a cost of doing business. See Fox v. The S.S. Moremacwind, supra, at 12. Patently, this is not a *reason* for denying recovery of the costs of litigation over against the third party defendant stevedore; this is no more than a restatement of the courts' conclusion denying recovery.

Other district courts have denied recovery for reasons which are not applicable here. For example, in Deans v. Kihlstrom, 197 F.Supp. 339 (D.C.E.D.Va. 1961), the court concluded that "*in the absence of a willingness to abandon the defense of the original action,* the right to recover over for attorneys' fees and expenses must be dependent upon a recovery directing payment by the shipowner." 197 F.Supp. at 340 (emphasis supplied). The missing element which led to a denial of recovery in the Deans case is present in the instant case, where the shipowner made a specific offer to abandon the defense of the action prior to the actual trial.

In the case of Gonzales v. Pennsylvania Railroad Company, 183 F.Supp. 779 (D.C. S.D.N.Y.1960), after the jury returned a verdict in favor of the shipowner and against the plaintiff longshoreman, the court held that the shipowner could recover expenses and attorneys' fees over against the third party defendant stevedore. Although the court primarily based its decision on a general indemnity clause in the contract between the stevedore and the shipowner, it correctly stated that a third party defendant stevedore may be held responsible for payment of a defendant shipowner's attorneys' fees even in the absence of a written indemnity agreement. The court further stated "nor would it be reasonable to relieve Spencer (stevedore) of an obligation that would otherwise attach because the Railroad (shipowner) was successful in resisting plaintiff's 'claim for damages.'" 183 F. Supp. at 781 (explanation added).

Apparently, the appellate courts have only twice been called upon to determine the right to recover over attorneys' fees and expenses where the original action against the shipowner failed. In McCall v. Overseas Tankship Corporation, 222 F.2d 441 (2d Cir. 1955), a case quite dissimilar factually from the one at bar, the court denied recovery of attorneys' fees over against a third party defendant airline, where the shipowner successfully defended against an action based on the Jones Act, 46 U.S.C.A. § 688. The court

found there was no warranty running from the third party defendant to the third party plaintiff, no specific contract for indemnity, and hence, no foundation upon which to rest a claim for attorneys' fees and costs.

' The most recent and most analogous appellate authority is consistent with recovery over of attorneys' fees and expenses in the instant case. In Paliaga v. Luckenbach Steamship Company, 301 F.2d 403 (2d Cir. March 22, 1962), a shipowner was sued for injuries to a longshoreman. The stevedore was impleaded, and the case went to the jury on the issue of unseaworthiness. While the jury was deliberating, the stevedore settled with the longshoreman, who then, with prejudice, dismissed his case against the shipowner. The shipowner sought to have the trial continued on its third party claim against the stevedore for attorneys' fees and expenses, but the trial court denied its motion. Appeal was taken, and the circuit court stated the questions to be decided thusly:

"First, does the stevedore have a contractual obligation to reimburse the shipowner for its litigation expenses, even though the stevedore has settled and paid the longshoreman's claim against the shipowner after trial has begun but prior to a judgment against the shipowner; and, second, if the stevedore does have such an obligation, was it an abuse of discretion in the present case for the trial court to have refused to hear the shipowner's claim for these expenses?"

The court examined the contract between the stevedore and the shipowner and found no express indemnity clause. Nevertheless, it found that the indemnitee-indemnitor relationship was implicit in the contract. In the language of the court:

"If the stevedore fails to use reasonable care in handling either equipment or cargo *and this failure results*

*in foreseeable loss to the shipowner by rendering it likely to suit by an allegedly damaged party*, such as a shipper, or a suit by an injured seaman, or even to suit by an injured longshoreman in the stevedore's own employ, the stevedore company has breached its obligation to the shipowner under the contract." (emphasis supplied).

In this context, the district court's order was reversed and the cause was remanded to determine whether or not the stevedore breached its warranty of workmanlike service, thereby precipitating the original action against the shipowner. If, on remand of the Paliaga case, it is found that the stevedore breached its warranty, then the shipowner can recover over attorneys' fees and expenses. The court did not circumscribe the shipowner's right of recovery to a finding that the stevedore's breach rendered the vessel unseaworthy, for which the shipowner would have been answerable if the original action had continued to a jury verdict. From the language of the opinion, it is clear that the shipowner can recover attorneys' fees and expenses if it is found that the stevedore's breach rendered the shipowner "likely to suit", irrespective of the shipowner's primary liability to answer in damages to third parties therefor.

■ In the case at bar, there was both a pre-trial offer to relinquish defense of the suit to the stevedore, and specific jury findings that plaintiff's injury resulted from the stevedore's breach of the warranty of workmanlike service. Under these circumstances, this court concludes that the third party plaintiff-shipowner is entitled to recover its reasonable expenses and attorneys' fees from the third party defendant-stevedore.

The parties are directed to stipulate reasonable expenses and attorneys' fees within ten days. In the event of failure to so stipulate, the case will be set for trial upon such issues.