**T. SMITH & SON, INC., Appellant,**

v.

**SKIBS A/S HASSEL, Appellee.**

No. 20767.

United States Court of Appeals
Fifth Circuit.

June 23, 1966.

Rehearing Denied Sept. 7, 1966.

Anthony R. Occhipinti, Charles Kohlmeyer, Jr., New Orleans, La., for appellant.

William E. Wright, Leon Sarpy, Walter Carroll, Jr., Paul A. Nalty, Robert Acomb, Jr., New Orleans, La., for appellee.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

* Senior Circuit Judge of the First Circuit, sitting by designation.

JONES, Circuit Judge:

The SS Bow Santos, owned by Skibs A/S Hassel and under charter to Alcoa Steamship Co., Inc., had been at the Port of Mobile, Alabama, where an ore cargo had been discharged by Cooper Stevedoring Company, a contract stevedore. The vessel proceeded to the Port of New Orleans, Louisiana, and was moored at the Bienville Street wharf for the discharge of boxed cargo from the tween deck area. The vessel was boarded by a gang of longshoremen of the stevedoring firm of T. Smith & Son, Inc. One of this gang was Leo Duvernay. Shortly after going aboard, Duvernay fell through a hatch when an ill-fitting hatch board slipped from under him and caused him to fall into the lower hold. He was severely injured. Duvernay brought an action against Skibs and Alcoa charging negligence and unseaworthiness. Skibs filed a third party complaint against Smith, the New Orleans stevedore, and against Cooper, the stevedoring company which had worked the vessel at Mobile, Alabama, its next previous port. Duvernay, by amendments, asserted a claim against Cooper and its insurance carrier, Travelers Insurance Company. Other claims of the parties against one another were set up by pleadings of one sort or another. The case was tried to a jury. By a special verdict it was found that Skibs, the shipowner, was guilty of negligence and the vessel was unseaworthy. Damages were found in the amount of $77,000 and these were reduced by fifty percent to $38,500 because of Duvernay's contributory negligence. Smith, Duvernay's employer, was allowed recoupment of $24,491.74 for its payments of compensation and medical expense under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Duvernay appealed on the ground that the award was inadequate.

Cooper was exonerated by the jury, and judgment for it and for Travelers was entered. Duvernay and Skibs appealed from the judgment for Cooper and Travelers. The district court directed a verdict for Alcoa on the claim of Duvernay and the jury returned a verdict for it on the issue of negligence. Judgment for Alcoa was entered from which appeals were taken by Duvernay, Skibs and Smith.

The claim of Skibs, the shipowner, against Smith, the stevedore, was for indemnity under the so-called Ryan[1] doctrine. The jury rendered a verdict for Skibs and it was given judgment over against Smith for the amount of the Duvernay judgment plus an attorney's fee of $11,666.66 and litigation expense of $1,576.10. Smith has appealed from the judgment. The appeal of Duvernay has been settled and dismissed. The appeals against Cooper, Travelers and Alcoa have also been disposed of and have been dismissed. Remaining for consideration and disposition is the appeal of Smith against Skibs, the New Orleans stevedore against the owner of the vessel.

The gang, of which Duvernay was one, had been on the vessel for perhaps thirty minutes before the accident. It was not shown when or where the misfitted board was placed over the hatch. The identity of the person or persons who placed it over the hatch was not established. Duvernay said he had not noticed the board but he had walked over the hatch once before he fell through it. Three of the other members of the gang had observed the board and tried, without success, to "prize" it into place. No report was made of the condition of the hatch board to the stevedore foreman or other supervisory personnel of Smith.

The appeal of Smith, on the merits, is based upon three assertations of error. It is contended that the finding of negligence on the part of Skibs, which was a causal factor in producing the injury, bars any recovery over against Smith, the stevedore, on an implied warranty. Smith urges that no duty is breached by

1. Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

a failure of the stevedore to inspect the work areas of a vessel in the absence of some knowledge indicating the existence of a defect, and that it is not to be charged with the knowledge of non-supervisory employees. Finally, Smith takes the position that the failure of the non-supervisory employees of Smith to repair defects discovered by them does not constitute a breach of the stevedore's implied warranty to perform its contract in a workmanlike manner.

■ Smith asserts that Skibs was negligent in turning the vessel over to Smith with the illfitting hatch board and in failing to give a warning before permitting the Smith gang to come aboard and begin work. The negligence of Skibs, according to Smith's theory, precludes any recovery against it as stevedore. Some of the statements in the *Weyerhaeuser* case [2] suggest that negligence of the ship or its owner may, under some circumstances, prevent recovery on the implied warranty of the stevedore. We find nothing in the case before us to take it out of the general rule that negligence of the shipowner is not a bar to recovery. Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732; McNamara v. Weichsel Dampfschifffahrts, A G Kiel, Germany, 2nd Cir. 1964, 339 F.2d 475; Calmar Steamship Corporation v. Nacirema Operating Co., 4th Cir. 1959, 266 F.2d 79, cert. den. 361 U.S. 816, 80 S.Ct. 56, 4 L.Ed.2d 62.

■ Smith's contention that a stevedore is not to be charged on its warranty by reason of a failure to make an inspection is based upon an established principle. Cia Maritima Del Nervion v. James J. Flanagan Shipping Corporation, 5th Cir. 1962, 308 F.2d 120. There is a related rule that defects which are in fact observed cannot be overlooked. If the stevedore has knowledge of a defect it should correct it or require it to be corrected by the ship's officers. Smith v. Jugosalvenska Linijska Plovidea, 4th Cir.

1960, 278 F.2d 176; Santomarco v. United States, 2nd Cir. 1960, 277 F.2d 255, cert. den. American Stevedores, Inc. v. United States, 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52. The defects in the hatch board in this case were known to several of Smith's employees who were members of the same gang as Duvernay, the injured longshoreman. Knowledge of an employee of the stevedore will constitute notice to the employer, and the actual knowledge need not be that of a supervisory employee. Nicroli v. Den Norske Afrika-OG Australielinie, etc., 2nd Cir. 1964, 332 F.2d 651. The stevedore gang had been on the vessel about thirty minutes and the defect was discovered about fifteen minutes before the accident. We cannot adopt Smith's theory that the shortness of these time intervals relieves it of the consequences of its warranty. We do not decide whether or not the longshoremen of Smith should have repaired the defective hatch board. Perhaps their duty was to see that ship's personnel corrected the defect. We think it is clear that it was a breach of Smith's warranty for them to work over the hatch with knowledge of the dangerous condition.

■ The issues on the merits are resolved against Smith and for Skibs. The judgment of the district court will be affirmed. Remaining for consideration are the questions raised by Smith with respect to the award to Skibs of attorneys' fees and expenses of litigation. After the jury verdict was returned on the issues of liability and damages, the district court considered and determined the questions as to Skibs' right to indemnity for attorneys' fees. Its conclusions and decision are set forth in its reported opinion. Duvernay v. Alcoa Steamship Co., D.C., 217 F.Supp. 698. We conclude that the district court's decision with respect to attorneys' fees is a proper one and it is also affirmed. See Caswell v. Koninklyke Nederlandsche Stoomboot, etc., D.C. S.D.Tex.1962, 205 F.Supp. 295, 223 F.Supp. 102, aff. sub nom. Strachan Shipping Co. v. Koninklyke Nederlandsche

---

2. Weyerhaeuser Steamship Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L. Ed.2d 491.

Stoomboot etc., 5th Cir. 1963, 324 F.2d 746, cert. den. 376 U.S. 954, 84 S.Ct. 969, 11 L.Ed.2d 972, reh. den. 377 U.S. 925, 84 S.Ct. 1219, 12 L.Ed.2d 217; Brown v. San Alberto Cia Armadora, S.A., 3rd Cir. 1962, 305 F.2d 602; DeGioia v. United States Lines Company, 2nd Cir. 1962, 304 F.2d 421; Paliaga v. Luckenbach Steamship Company, 2nd Cir. 1962, 301 F.2d 403.

The judgment of the district court is affirmed.