**Odell LATTIN, Plaintiff,**

v.

**FLOTA MERCANTE GRANCOLOM-BIANA, S. A., Defendant and Third-Party Plaintiff,**

v.

**GULF STEVEDORE CORPORATION, Third-Party Defendant.**

**No. 66–H–130.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 11, 1967.

Supplemental Opinion Jan. 4, 1968.

John N. Barnhart, Mandell & Wright, Houston, Tex., for plaintiff.

William C. Bullard, Baker, Botts, Shepherd & Coates, Houston, Tex., for defendant and third-party plaintiff.

B. Jeff Crane, Jr., Vinson, Elkins, Weems & Searls, Houston, Tex., for third-party defendant.

## MEMORANDUM OPINION

SEALS, District Judge.

This is an action under the admiralty and maritime jurisdiction of this Court brought by Odell Lattin, a longshoreman, against defendant Flota Mercante Grancolombiana, S. A., owners of the M/V CIUDAD DE ARMENIA, for injuries occurring to him on board the vessel in the Port of Houston on February 16, 1966. For the alleged injuries, plaintiff seeks an amount of $84,000.00 in damages. Grancolombiana, seeking indemnity for any recovery had by plaintiff,

has impleaded Gulf Stevedore Corporation as a third-party defendant.

The plaintiff Lattin's cause of action against the defendant Grancolombiana, the vessel's owner, has been settled for $15,000.00; and the defendant, as third-party plaintiff, now seeks this sum and its costs of defending the action from Gulf Stevedore, the third-party defendant, because of the breach of its warranty to perform its stevedoring services in a safe and workmanlike manner.

Odell Lattin is a citizen and resident of Harris County, Texas; defendant and third-party plaintiff, Flota Mercante Grancolombiana, S. A., is a corporation organized under the laws of the Republic of Columbia and is the owner and operator of the M/V CIUDAD DE ARMENIA; and the third-party defendant, Gulf Stevedore Corporation, is a corporation duly organized under the laws of the State of Texas.

The M/V CIUDAD DE ARMENIA—an ocean going vessel with the gross tonnage of 5269 and registered under the flag of the Republic of Columbia—was berthed on February 16, 1966 at City Dock No. 4 in the Port of Houston, Texas afloat upon the navigable waters of the United States and engaged in loading sacks of wheat. She lay with her port side to the dock and her bow headed upstream. The stevedoring operations on board were carried out by Gulf Stevedore Corporation pursuant to a contractual agreement between Gulf Stevedore and the vessel's interests.

The loading of the sacks of wheat in the No. 3 hatch of the M/V CIUDAD DE ARMENIA began at 1:00 P.M. on February 16, 1966. One stevedore gang was brought on board to work the hatch at 1:00 P.M., and this shift ended at 6:00 P.M. A second gang was brought on board at 7:00 P.M. to continue the loading of the sacks of wheat in the No. 3 hatch. The plaintiff was a member of the gang brought on board at 7:00 P.M.

Within a few minutes after the plaintiff boarded the vessel, he proceeded to descend a permanent aft ladder in the No. 3 hatch intending to go to the lower hold when the ladder gave way and he fell to the bottom of the hatch, receiving the injuries for which he sued. The ladder in the aft end of the hatch went down three (3) decks: upper tween, lower tween, and lower hold. The plaintiff fell somewhere between the upper tween deck and the lower tween deck.

The ladder was constructed of two metal uprights with metal crossings fastened to the uprights. Three longshoremen, members of plaintiff's gang, preceded plaintiff down the ladder. As plaintiff was descending, the upper portion of the ladder suddenly became loose from where it was secured, causing the ladder to fall backwards. Plaintiff briefly remained hanging by his hands on the rungs of the ladder. As the ladder swung backwards, it suddenly stopped, being secured at the bottom, causing plaintiff to shake loose and fall about eighteen (18) feet.

Members of the longshoremen's gang which worked in the No. 3 hatch during the 1:00 P.M. to 6:00 P.M. shift had full knowledge of the defective nature of the ladder and did not use it. C. B. Saulter, an experienced longshoreman and a member of the gang working the 1:00 P.M. to 6:00 P.M. shift testified that as he came out of the hatch at 6:00 P.M. by way of the aft ladder he noticed that the ladder was defective; (the upper portion of the ladder was loose from where it was attached with a bolt sticking out and nuts missing). Saulter told the remaining members of the gang in the hatch not to come up the aft ladder but to use the ladder at the forward end of the hatch, which they did. George B. McDaniel, another member of the gang, confirmed that after Saulter's warning, the gang avoided the aft ladder and emerged from the hatch by way of forward ladder.

The longshoreman's gang, however, did not attempt to repair the ladder nor advise anyone connected with the vessel that the ladder was defective. No one connected with Gulf Stevedore made any effort to correct the unsafe condition.

Gulf Stevedore brought on a new gang at 7:00 P.M. to work the hatch without taking any steps to avoid the unsafe condition or to have the ladder repaired. Even though the members of the gang on the afternoon shift knew that the aft ladder was unsafe and defective, no one employed by Gulf Stevedore warned the plaintiff or other members of the evening shift or prohibited the use of the ladder at any time; thus it broke with the plaintiff causing the injuries made the basis of this suit.

Gulf Stevedore, with knowledge of the ladder's condition, breached its warranty of safe and workmanlike performance in failing to (1) repair the ladder; (2) advise any officer or crew member of the vessel of the condition of such ladder; (3) request the officers or crew to repair the ladder; (4) prohibit members of plaintiff's longshore gang from using the ladder; (5) warn plaintiff's gang of the ladder's condition; and (6) take any steps to insure that plaintiff's gang would avoid the unsafe ladder.

■ The knowledge of the defective ladder by the employees of Gulf Stevedore on the afternoon shift constituted notice to Gulf Stevedore; actual knowledge need not be that of a supervisory employee. *T. Smith & Son, Inc.* v. *Skibs A/S Hassel*, 362 F.2d 745 (5th Cir. 1966).

■ While a stevedore may not have a duty under its warranty to inspect and discover latent defects on a vessel, once its employees do make such a discovery and find a defective condition which may cause injury, the stevedore's employees have an obligation to take steps as are necessary to prevent subsequent injury. *T. Smith & Son, Inc.*, supra at 747, and cases cited therein.

Because of the breach, Gulf Stevedore is liable to indemnify Grancolombiana for the recovery had by plaintiff and for the costs of defense and attorneys' fees expended by defendant Grancolombiana in defending the suit.

The defendant, Grancolombiana, was not guilty of any conduct which would preclude indemnity against Gulf Stevedore. See *T. Smith & Son, Inc.*, supra.

During the course of the trial in this cause the defendant vessel owner, Grancolombiana, made a settlement with plaintiff on plaintiff's original cause of action against the defendant vessel owner. Under the terms of such settlement, the defendant vessel owner, without prejudice to its third-party action against the third-party defendant, Gulf Stevedore, agreed to pay and did pay to the plaintiff the sum of $15,000.00 in settlement of all causes of action of the plaintiff against the defendant vessel owner.

The court finds that the settlement reached between the plaintiff and the defendant-third party plaintiff in the sum of $15,000.00 was just and reasonable under all the circumstances and under the evidence adduced at the trial of this cause and the Court finds that the defendant vessel owner was reasonably diligent in making a settlement under all the circumstances and under the evidence.

Thus, the defendant and third-party plaintiff, having acted reasonably in making such settlement, is entitled to recover of and from the third-party defendant, Gulf Stevedore Corporation, the sum of $15,000.00 by way of indemnity. The reasonable attorneys' fees incurred by Grancolombiana in defending plaintiff's suit is the sum of $1,512.00, to which it is entitled. Grancolombiana also incurred $1,117.00 in costs and expenses in defending said suit, to which it is also entitled. All court costs herein are taxed against the third-party defendant, Gulf Stevedore Corporation.

Associated Indemnity Corporation, the insurer of Gulf Stevedore Corporation, is entitled to recover of and from the defendant on its petition in intervention the sum of $1,615.27, but inasmuch as the defendant is entitled to be fully indemnified by reason of its action against the third-party defendant herein, the defendant vessel owner is entitled to recover all sums had and recovered against defendant by Associated Indem-

**896**

nity Corporation, of and from the third-party defendant, Gulf Stevedore Corporation.

The foregoing constitute the findings of fact and conclusions of law of this Court. Counsel will submit an appropriate judgment.

### SUPPLEMENTAL MEMORANDUM OPINION

In the above entitled and numbered cause as a supplement to the Court's findings of fact and conclusions of law filed and entered on December 11, 1967, the Court further finds that in addition to the settlement made by the defendant vessel owner with the plaintiff in the amount of $15,000, the defendant vessel owner agreed to indemnify the plaintiff for the claim of subrogation of Associated Indemnity Corporation, intervenor herein, as part of said settlement. The Court finds that such agreement for indemnity in addition to the payment of said sum in settlement was reasonable under all the evidence.

The foregoing constitutes supplemental findings of fact and conclusions of law of this Court.