**SOMMER CORPORATION, Plaintiff,**

**v.**

**UNITED FRUIT COMPANY, Defendant-Third Party Plaintiff-Appellee,**

**v.**

**PANAMA CANAL COMPANY, Third Party Defendant-Appellant.**

No. 73-1147

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 23, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

5 Cir., 475 F.2d 292, and D.C., 335 F.Supp. 412.

Dwight A. McKabney, Gen. Counsel, John L. Haines, Jr., Earl R. McMillin, Attys., Balboa Heights, C. Z., for defendant-appellant.

Roy Phillipps, Balboa, Canal Zone, C. Brooks Morris, New Orleans, La., for plaintiff-appellee.

Henry L. Newell, Balboa, Canal Zone, for Sommer Corp.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Sommer Corporation sued United Fruit Company to recover damages to cargo shipped aboard United's vessel, the HAR BOKER. Damage to at least one piece of cargo occurred during loading operations by stevedores and longshoremen in the employ of the Panama Canal Company. United tendered defense of Sommer's suit to the Canal Company but this offer was rejected. United then impleded the company as third party defendant.

The United States District Court for the Canal Zone ruled that under the Carriage of Goods at Sea Act United's liability was limited to $500.00, and further held that United was entitled to recover any amount due Sommer from the Canal Company. As part of these indemnity damages, the district court allowed United to recover a reasonable attorney's fee of $500.00.

The Panama Canal Company appeals from that part of the district court's judgment which permitted United to recover attorney's fees. In support of its position, the company relies solely on the prohibition in 28 U.S.C. § 2412 which forbids the awarding of attorney's fees as costs against the United States. We affirm the district court.

It is well-established that attorney's fees are a part of the *damages* in a ship owner's indemnity action. Strachan Shipping Co. v. Koninklyke Nederlandsche S.M., N.V., 5 Cir. 1963, 324 F.2d 746; T. Smith & Son v. Skibs A/S Hassel, 5 Cir. 1966, 362 F.2d 745.

Furthermore, the Panama Canal Company is obligated to indemnify a ship owner for its negligence just as a private stevedore would be. Sandoval & Panama Canal Co. v. Mitsui, 5 Cir. 1972, 460 F.2d 1163.

Thus, the attorney's fees allowed in this case were damage items arising from an indemnity obligation, not fees taxed as "costs" within the meaning of that term in 28 U.S.C. § 2412. The bar to the recovery of attorney's fees found in that section is therefore inapplicable and the order of the district court requiring the Canal Company to pay United a reasonable figure for attorney's fees is

Affirmed.