MAGNUM MARINE, a Division of American Photocopy Equipment Company, for the use and benefit of Fireman's Fund Insurance Company, Plaintiff-Appellee,

v.

KENOSHA AUTO TRANSPORT CORPORATION et al., Defendants,

Eller & Company, Inc., Defendant-Appellant-Cross Appellee,

Sidarma Societe Italiana di Armento S.p.a., Defendant-Appellee-Cross Appellant.

No. 72–3635

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 10, 1973.

Rehearing and Rehearing En Banc Denied Aug. 16, 1973.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

J. James Donnellan III, George O. Mitchell, Miami, Fla., for Eller & Co., Inc.

Frank J. Marston, Miami, Fla., for Sidarma.

E. S. Corlett III, Miami, Fla., for American Photo.

Richard L. Horn, Miami, Fla., for Kenosha.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The principal question in this federal maritime case is which one of two joint tortfeasors must ultimately bear the responsibility for the damages they admittedly caused. The case arose when a pleasure boat owned by Magnum Marine was damaged while being loaded upon the S. S. Francesco Morosini. Magnum Marine brought suit against Sidarma Societe Italiana di Armento S.p.a. (Sidarma), the owner of the Morosini, and Eller & Company, Inc., (Eller), a stevedoring company which was in charge of loading cargo aboard the Morosini. In addition both Sidarma and Eller cross-claimed, each seeking indemnification from the other for any judgment awarded against them. After a bench trial the district court awarded judgment in favor of Magnum Marine holding Sidarma and Eller jointly liable for the damages incurred by the pleasure boat. Eller has appealed from that judgment. At the same time the district court ruled that Eller is entitled to indemnification from Sidarma for the full amount of its liability. Sidarma has appealed from this ruling. Keeping in mind the strictures of the clearly erroneous rule, we affirm the judgment of the district court in all respects.

 Appellant Eller contends that it is entitled to the $500 per package limi-tation of liability provided for in the Carriage of Goods by Sea Act. This contention is basically frivolous, and we reject it summarily. Our primary concern in this case is with the indemnity question raised by the cross-appeal.

 The pleasure craft in question was received by Eller in good condition. As stevedore, Eller's job was to load cargo, including this boat, onto the Morosini; to perform the work, Eller was permitted to use the ship's tackle. The boat was accidentally damaged while it was being placed on board. It is undisputed that the accident occurred because inadequate and unseaworthy tackle was used to do the loading. Before attempting to lift the pleasure craft on board, Eller's employees advised the ship's officers that the ship's equipment they were to use was unsuitable; they requested the use of other tackle which was available and which was adequate for the job at hand. But despite these objections, the chief mate of the Morosini strongly insisted that the stevedores do the loading with the inadequate tackle he had assigned to them. The accident occurred shortly thereafter. These are the facts as found by the district court, and our independent review of the record convinces us that its findings are not clearly erroneous.

Upon these facts the district court ruled that Eller was entitled to indemnification from Sidarma for the full amount of its liability. Sidarma takes the position that the district court's resolution of the indemnity question is legally erroneous. It argues that Eller's employees were actively at fault for proceeding to load the pleasure boat with equipment they knew to be unsafe and that because of their affirmative negligence Eller should bear the responsibility for the damage caused. Sidarma relies upon T. Smith & Son, Inc. v. Skibs A/S Hassel, 362 F.2d 745 (5th Cir. 1966), a case in which we held that if a stevedore has knowledge of a defect in the ship's equipment it has a duty to

correct it or require it to be corrected by the ship's officers. Failure to fulfill this duty constitutes a breach of the stevedore's warranty of workmanlike service.

But Sidarma's argument blithely ignores a critical fact, namely that here the stevedore's employees brought the inadequacy of the equipment to the attention of the ship's chief mate and requested him to permit them to use other, safer equipment that was available. It was only after the chief mate firmly insisted that they proceed with the unseaworthy equipment that the accident occurred. In these circumstances the stevedore had no other course of action open to it but to defer to the ship's choice of equipment and cannot now be charged with actively causing the ensuing accident.

 Rather insofar as Sidarma's employees insisted on the use of inadequate equipment in spite of Eller's warnings, Sidarma was guilty of active or affirmative negligence. It is the settled rule in this circuit that a right of indemnity exists between parties, one of whom is guilty of active or affirmative negligence, while the other's fault is only technical or passive. Tri-State Oil Tool Indus., Inc. v. Delta Marine Drill. Co., 410 F.2d 178 (5th Cir. 1969). The right is equitable in nature and is dependent upon the legal principle that everyone is responsible for the consequences of his own wrong and that if others are compelled to pay damages that ought to have been paid by the wrongdoer, they may recover from him. Since Sidarma was the active cause of the accident in which the pleasure boat was damaged, the district court was correct in requiring it to indemnify Eller for the full amount of Eller's liability to Magnum Marine. We reiterate that we find no merit in Eller's contention on appeal with respect to limitation of its liability. Accordingly the judgment of the district court is affirmed both on the appeal and on the cross-appeal.

Affirmed.